■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEROME MATHIS, Appellant.—Judgment, Supreme Court, New York County (Robert Haft, J.), rendered May 17, 1989, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the third degree (Penal Law § 265.02) and sentencing him, as a violent predicate felon, to an indeterminate term of 2½ to 5 years' imprisonment, unanimously affirmed.

At about 12:00 noon on September 20, 1988, two plainclothes officers, Police Officer John Clark and Detective John Barrett, were driving northbound on Eighth Avenue near 145th Street in Manhattan, when they spotted a double-parked sedan with its rear window shattered. The officers, who had earlier that month received a communication advising them to be on the alert for a car with a window that may have been shot out, decided to investigate. Making a U-turn and parking behind the sedan, which was across the street, Officer Clark approached defendant, who sat on the rear passenger's side, and began a preliminary inquiry. As he did so, the officer noticed an "abnormally large bulge" in the front of defendant's pants. Concerned that this was a gun and that he and his partner might be in danger, Officer Clark ordered defendant to place his hands on the front seat, and reached in to touch the bulge. Upon doing so, Officer Clark felt what he knew to be the handle of a gun, and he then removed from the waistband of defendant's pants a .22 caliber semiautomatic Ruger. The over-all length of this weapon was approximately 11 inches. Defendant was placed under arrest.

On appeal, defendant argues that the weapon was seized in violation of his constitutional rights and should, therefore, have been suppressed. This claim is without merit.

In light of the communication concerning an automobile with a window shot out, and the shattered condition of the rear window of defendant's vehicle, we conclude that "the initial encounter was lawful in its inception". *(People v De Bour,* 40 NY2d 210, 221.) Once Officer Clark noticed, during the course of his inquiry, an "abnormally large bulge" in the front of defendant's pants, it was reasonable for him to request that defendant place his hands on the front seat of the car to ensure his and his partner's safety, while he engaged in the minimal intrusion of touching the bulge. *(See, People v Clee,* 89 AD2d 188, 189-190.) In assessing the propriety of this conduct, as with all police action, reasonableness in light of all of the circumstances is the key consideration. *(Terry v Ohio,* 392 US 1, 19; *People v Chestnut,* 51 NY2d 14, 23, *cert denied* 449 US 1018.)

Despite the fact that Officer Clark did not utter the words "waistband bulge" in describing the abnormal lump in the front of defendant's pants, his testimony that the weapon "protrud[ed] through the upper portion of [defendant's] pants", coupled with the sheer enormity of the gun recovered, provides ample support for the hearing court's finding that the bulge observed by the officer extended to the waistband. Such a bulge has long been recognized as "telltale of a weapon". *(People v De Bour, supra,* at 221.) Readily distinguishable is our recent holding in *People v Taveras* (155 AD2d 131, 133, 137, *appeal dismissed* 76 NY2d 131) where a " 'huge lump' " in defendant's pants, located " 'right below the waistband to the right' ", did not justify the officer's act of immediately unbuckling defendant's belt and reaching inside his pants to retrieve contraband from the area of defendant's groin. Concur—Ross, J. P., Rosenberger, Asch, Kassal and Rubin, JJ.