■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILFREDO PEREZ, Appellant.—Judgment, Supreme Court, Bronx County (Steven L. Barrett, J., at *Huntley* hearing, jury trial, and sentence), rendered November 13, 1986, convicting defendant of criminal possession of a weapon in the third degree and sentencing him to a five-year term of probation and 350 hours of community service, unanimously affirmed.

Defendant was arrested and charged in a one-count indictment with the crime of criminal possession of a weapon in the third degree. A *Huntley* hearing was held outside of the jury's presence, during the course of the trial, and defendant's motion to suppress oral statements made at the scene of his arrest was denied by the trial court.

Defendant contends that the trial court erred in denying the motion to suppress, on the ground that defendant's statements were made in response to police questioning, postarrest, and without benefit of *Miranda* warnings. However, the record clearly reveals that, upon observing defendant in possible criminal possession of a weapon on a city street, and having

secured the defendant and the weapon for safety purposes, the investigating officer properly acted to clarify the nature of a potentially volatile situation by asking defendant if the gun belonged to defendant (to which he replied "yes"), and if defendant had a valid permit for the weapon (to which he replied "no"). Only after such clarification of the situation, did the officer place the defendant under arrest and administer the *Miranda* warnings.

Under these circumstances, the limited, clarifying questioning of defendant by the investigating officer at the scene, despite a custodial setting necessitated by safety considerations, is excepted from the *Miranda* requirements. *(People v Huffman,* 41 NY2d 29 [1976].) Concur—Ross, J. P., Milonas, Rosenberger, Asch and Kassal, JJ.