■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v KEITH THOMAS, Respondent.—Order, Supreme Court, New York County (Robert Haft, J.), entered April 11, 1989, granting defendant's motion to suppress physical evidence and oral statements and dismissing the indictment, unanimously reversed, on the law and the facts, the motion denied, the indictment reinstated and the matter remanded for further proceedings.

On September 14, 1988, at about 5:25 A.M., New York City Housing Police Officers Fisher and Rhodes, in uniform and assigned to a radio patrol car, proceeded to 286 South Street in Manhattan in response to a radio run of a man with a gun on the sixteenth floor of the building. The man was described as tall and black, wearing black jeans and a white and brown sweatshirt. At approximately the same time, two other officers arrived in their patrol car. After Officers Rhodes and Fisher exited the vehicle, Fisher was approached by a man who told him that there was "trouble" in the building and that there were "three guys in there" whom the officer should "check * * * out." Fisher saw three black men, one of whom—not defendant—fit the description of the original call, exiting the building and asked the man who had stopped them if they were the men involved. He responded, "yes." As the officers approached, defendant separated from his companions. The two officers who had arrived in the other patrol car approached the two companions, while Rhodes approached defendant, who was walking faster than the other two and was now ahead of them, and asked him where he was coming from. Defendant replied that he lived in the building and had not done anything wrong and continued walking. Rhodes and Fisher noticed a bulge in the pocket in the front of defendant's sweatshirt, which was hanging down as if it were weighted. As defendant tried to pass between Rhodes and a fence to the officer's right, he "hunched over", turned away from the officer and reached toward the bulge. Rhodes grabbed the bulge area and "felt the outline of what [he] thought was a weapon." At that point, Rhodes told defendant to put his hands up, and removed from the pocket a denim bag, which contained a loaded .32 caliber pistol and six rounds of ammunition. In response to Rhodes' question, "what's this", defen-

dant stated that he found the gun on Henry Street where he had seen some men run through the park and throw the gun over a fence. In addition, defendant stated that he did not know why he picked the gun up, but that he had not shot anyone with it or used it for any other purpose.

The Supreme Court granted defendant's motion to suppress the weapon and the statement. The court credited the police testimony and found that the officers had a "warranted suspicion" that the defendant may have had a gun because of his proximity to other persons who fit the description of a person with a gun, and that when defendant "went for" the bulge the officer had the right to stop defendant and put his hand on defendant's hand. The court found that the gun was a "very small gun" in an enclosed bag in a pocket which could not create the outline of a gun and that neither officer said he felt the outline of the gun. Thus, the court held, the officers did not have the right to remove and search the denim bag. Accordingly, it suppressed the physical evidence. In addition, the court suppressed defendant's statement as tainted by the unlawful search. Since we think Officer Rhodes was justified in removing the weapon, we reverse.

In light of the fact that defendant was in the company of an individual matching the description of a man with a gun, Officer Rhodes' initial inquiry, which constituted a minimal intrusion, was justified. Rhodes' observation of the bulge in defendant's pocket and defendant's reaching for the pocket justified his act of touching the bulge (see, *People v Mathis,* 167 AD2d 221, 222), which, in turn, justified the officer, upon feeling the outline of a weapon, in reaching inside defendant's pocket and removing and opening the bag that contained the gun. The suppression court recognized that if the officer had felt the outline of a gun he would have the right to reach into the sweatshirt and remove it. However, the court inexplicably failed to take into consideration Officer Rhodes' testimony to this effect. While the court concluded that the evidence showed that the gun was a small one, which could not be felt in a patdown, the court found the officers to be entirely credible. Thus, there is no basis for rejecting Rhodes' testimony that he felt the gun.

Accordingly, the physical evidence should not have been suppressed. Nor should the statements have been suppressed as the product of an illegal search. Furthermore, despite the custodial setting, the limited, clarifying question posed by Officer Rhodes did not constitute an interrogation to which *Miranda* is applicable. (See, *People v Perez,* 167 AD2d 308;

*People v Huffman,* 41 NY2d 29.) Concur—Sullivan, J. P., Rosenberger, Wallach, Kupferman and Rubin, JJ.