■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD J. PARMER, Appellant. [648 NYS2d 61] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of criminal sale of a controlled substance in the fourth degree, for which he was sentenced as a second felony offender to an indeterminate term of imprisonment of 5 to 10 years. Defendant contends that the sentence is illegal and harsh and excessive.

Defendant contends that he was illegally sentenced as a second felony offender because his prior conviction did not actually result in a sentence to a term of imprisonment in

excess of one year. Defendant's contention lacks merit because there is no such requirement in the second felony offender statute (*see*, Penal Law § 70.06 [1] [b] [i]). It is sufficient that the prior conviction was for a New York felony, defined as an offense for which a sentence of more than one year was authorized (*see*, Penal Law § 10.00 [5]; § 70.06 [1] [b] [i]). In that regard, the second felony offender statute differs from the persistent felony offender statute (*see*, Penal Law § 70.10 [1] [b] [i]), upon which defendant erroneously relies.

We have considered defendant's challenge to the severity of the sentence and conclude that it is without merit. (Appeal from Judgment of Niagara County Court, Fricano, J.—Criminal Sale Controlled Substance, 4th Degree.) Present—Denman, P. J., Lawton, Wesley, Callahan and Balio, JJ.