■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN NEGRON, Appellant. [656 NYS2d 355] —Appeal by the defendant from a judgment of the County Court, Westchester County (Carey, J.), rendered December 4, 1992, convicting him of robbery in the first degree, robbery in the second degree, criminal possession of a weapon in the second degree, grand larceny in the fourth degree, petit larceny, assault in the third degree, criminal possession of a weapon in the third degree, reckless endangerment in the first degree, attempted assault in the first degree, assault in the second degree, attempted

criminal possession of a weapon in the second degree, and menacing, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

Contrary to the defendant's contention, the trial court properly denied that branch of his omnibus motion which was to suppress the identification testimony of the witness John West. The fact that one of the detectives remarked to West that a suspect's picture might be among the photographs shown to him did not improperly taint the photographic identification procedure (see, People v Rodriguez, 64 NY2d 738, 740; People v Denny, 177 AD2d 589, 590). The defendant's arguments regarding the photographic arrays shown to the witness Armando Maisonaiv are irrelevant inasmuch as Maisonaiv did not identify the defendant at trial.

There is no merit to the defendant's contention that he was denied the effective assistance of trial counsel. A review of the record reveals that the defendant received meaningful representation (see, People v Benn, 68 NY2d 941; People v Baldi, 54 NY2d 137).

The defendant's remaining contentions are without merit. Altman, J. P., Friedmann, Goldstein and Luciano, JJ., concur.