■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM McDOW, Appellant. [674 NYS2d 647] —Judgment, Supreme Court, New York County (Frederic Berman, J., at *Mapp/Huntley* hearing; Nicholas Figueroa, J., at plea and sentence), rendered September 4, 1996, convicting defendant of criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to a term of 2 to 4 years, unanimously affirmed.

Defendant's motion to suppress his statements, and a gun discovered as the result of those statements, was properly denied. The record supports the hearing court's finding that defendant was not in custody (*see, People v Yukl*, 25 NY2d 585, 589, *cert denied* 400 US 851). Defendant voluntarily accompanied the two responding officers to his apartment, where the domestic assault had occurred. The encounter was entirely

noncoercive, and defendant was cooperative and gave no indication that he wanted to terminate the conversational discussion with the responding officers or leave the nonthreatening environment of his home (*see also, People v Morales*, 129 AD2d 440). Moreover, the police conduct did not constitute interrogation, but clarification of a confusing situation (*see, People v Perez*, 167 AD2d 308). In any event, this volatile domestic violence situation warranted the limited inquiry under the public safety doctrine (*New York v Quarles*, 467 US 649). Concur—Lerner, P. J., Sullivan, Nardelli, Rubin and Saxe, JJ.