■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE VILLEGAS, Appellant. [747 NYS2d 382] —Judgment, Supreme Court, New York County (William Wetzel, J.), rendered November 18, 1999, convicting defendant, after a jury trial, of assault in the second degree, and sentencing him, as a second felony offender, to a term of four years, unanimously affirmed.

Defendant's contentions regarding the introduction at his retrial of testimony given at his first trial are unpreserved since defendant unequivocally stipulated to the witness's

unavailability. Defendant never withdrew this stipulation and never requested a hearing on his utterly speculative assertion that the police somehow prevented this prosecution witness from appearing. We decline to review defendant's claims in the interest of justice. Were we to review these claims, we would find that the People laid a proper foundation for the introduction of prior testimony (*see* CPL 670.10, 670.20; *People v Arroyo*, 54 NY2d 567, *cert denied* 456 US 979).

Since defendant's motions, made at the time of sentencing, to set aside the verdict on the ground of ineffective assistance of counsel were based on factual assertions outside the record, these motions constituted, at best, motions to vacate judgment pursuant to CPL 440.10 (*see People v Wolf*, 98 NY2d 105, 119; *People v Kronberg*, 243 AD2d 132, 135, 152, *lv denied* 92 NY2d 880), and since defendant failed to obtain permission from this Court to appeal, the issues raised in his motions are unreviewable (CPL 460.15). In any event, were we to consider these motions as having been made pursuant to CPL 330.30 (1), we would find that they were properly denied since that type of motion is limited to grounds appearing in the record. The existing record establishes that defendant received meaningful representation (*see People v Benevento*, 91 NY2d 708, 713-714). To the extent that defendant requested to be represented by new counsel at sentencing, he did not establish good cause for such a substitution (*see People v Sides*, 75 NY2d 822).

Defendant's remaining contentions, including those contained in his pro se supplemental brief, are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Nardelli, J.P., Buckley, Ellerin, Rubin and Friedman, JJ.