■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIAN COWELL, Appellant. [782 NYS2d 458]—

Judgment, Supreme Court, New York County (Harold Rothwax, J.), rendered January 20, 1993, convicting defendant, upon his plea of guilty, of murder in the second degree, and sentencing him to a term of 15 years to life, unanimously affirmed.

The court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations, which are supported by the record (*see People v Prochilo*, 41 NY2d 759, 761 [1977]). Defendant freely admitted detectives to his apartment, cooperated with their efforts to locate a missing person, and consented to a search. The hearing record establishes that, at the time of defendant's first incriminating statement to the police, a reasonable person in defendant's situation would not have considered himself to be in custody (*see Thompson v Keohane*, 516 US 99, 112 [1995]; *People v Yukl*, 25 NY2d 585 [1969], *cert denied* 400 US 851 [1970]; *People v McDow*, 251 AD2d 92 [1998], *lv denied* 92 NY2d 950 [1998]). In particular, there was nothing accusatory about the detective's simple inquiries about the contents of packages in defendant's apartment. In any event, even if we were to find

the initial inculpatory statement to be inadmissible, we would find that defendant's subsequent oral, written and videotaped statements, provided after *Miranda* warnings, were sufficiently attenuated from the initial statement to be admissible (*see e.g. People v Dunkley*, 200 AD2d 499 [1994], *lv denied* 83 NY2d 871 [1994]). Moreover, there is no suggestion of a police scheme to deliberately withhold *Miranda* warnings in order to obtain an initial statement that would lead to a post-*Miranda* statement (*compare Missouri v Seibert*, 542 US —, 124 S Ct 2601 [2004]).

Since this Court has denied leave to appeal from orders denying defendant's CPL 440.10 motion to vacate the judgment on the ground of ineffective assistance of counsel, the record in connection with those motions is not properly before this Court (*People v Villegas*, 298 AD2d 122 [2002], *lv denied* 99 NY2d 565 [2002]). In any event, the plea record establishes that defendant's plea was knowing, intelligent and voluntary and was entered with the effective assistance of counsel (*see People v Ford*, 86 NY2d 397, 404 [1995]). Concur—Tom, J.P., Saxe, Williams, Marlow and Sweeny, JJ.