■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SEAN MATTIS, Appellant. [847 NYS2d 117]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered March 14, 2005, convicting him of manslaughter in the second degree, assault in the first degree (two counts), criminal possession of a weapon in the second degree, and assault in the third degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings

up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his videotaped statement to an assistant district attorney.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the hearing court properly denied that branch of his omnibus motion which was to suppress his videotaped statement to an assistant district attorney, finding that it was sufficiently attenuated from the taint of his prior statements to law enforcement officials. The hearing evidence established that there was a 10-hour hiatus between the defendant's last statement to law enforcement officials and the videotaped statement, during which hiatus he participated in lineups for approximately 1 1/2 hours. The lineups concluded approximately five hours before the videotaped statement was made, and that statement was made in a location other than that in which his prior interrogation was conducted and under questioning by an assistant district attorney. Under these circumstances, there was a definite, pronounced break giving the defendant ample time for reflection, which was sufficient to remove any taint of his prior statements (*see People v Vachet*, 5 AD3d 700, 702 [2004]; *People v Nisbett*, 225 AD2d 801, 802 [1996]; *People v Hawthorne*, 160 AD2d 727, 728-729 [1990]; *People v McIntyre*, 138 AD2d 634, 636-637 [1988]; *People v Miller*, 137 AD2d 626, 628-630).

The defendant's contention that the videotaped statement should have been suppressed as a product of a deliberate policy to interrogate first, obtain an unwarned statement, and then to secure a waiver and confession, thereby easing the ability of the prosecutor to carry the burden of proof (*see Missouri v Seibert*, 542 US 600 [2004]), is unpreserved for appellate review and, in any event, without merit (*see People v Paulman*, 5 NY3d 122, 134 [2005]; *People v Cowell*, 11 AD3d 292, 293 [2004]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Crane, J.P., Fisher, Carni and McCarthy, JJ., concur.