■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OSCAR MERCADO, Appellant. [943 NYS2d 753]—Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated June 8, 2010 (*People v Mercado,* 74 AD3d 990 [2010], *cert denied* 562 US —, 131 S Ct 1485 [2011]), affirming a resentence of the County Court, Westchester County, imposed July 24, 2008.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see Jones v Barnes,* 463 US 745 [1983]; *People v Stultz,* 2 NY3d 277 [2004]). Mastro, A.P.J., Dickerson, Chambers and Sgroi, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTON M. MILES, Appellant. [943 NYS2d 752]—Appeal by the defendant, as limited by his motion, from a sentence of the County Court, Suffolk County (Braslow, J.), imposed February 7, 2011, on the ground that the sentence was illegal.

Ordered that the sentence is affirmed.

The defendant's contention that his previous conviction did not qualify as a predicate felony conviction pursuant to Penal Law § 70.06 (1) (b) (i) is unpreserved for appellate review (*see People v Samms,* 95 NY2d 52, 57 [2000]; *People v Smith,* 73 NY2d 961, 962-963 [1989]; *People v Alves,* 282 AD2d 613 [2001]). In any event, the defendant was properly sentenced as a second felony offender based upon his predicate conviction of an offense in Illinois which would constitute a felony under New York law (*see People v Smalls,* 293 AD2d 500, 501 [2002]; *cf. People v Horvath,* 81 AD3d 850 [2011]). Accordingly, contrary to the defendant's contention on appeal, his sentence was not illegal. Mastro, A.P.J., Angiolillo, Dickerson and Hall, JJ., concur.