■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUSTIN VISCONTI, Appellant. [946 NYS2d 489]—Appeal by the defendant from a judgment of the County Court, Nassau County (Peck, J.), rendered July 26, 2011, convicting him of attempted grand larceny in the second degree, upon his plea of guilty, and imposing sentence, including restitution in the sum of $20,000.

Ordered that the judgment is modified, on the law, by vacating the provision of the sentence directing the defendant to pay restitution in the sum of $20,000 and substituting therefor a provision directing the defendant to pay restitution in the sum of $15,000; as so modified, the judgment is affirmed.

By pleading guilty, the defendant forfeited his right to judicial review of his claim that the grand jury proceeding was rendered defective by the improper introduction of purported business records (see People v Hansen, 95 NY2d 227, 231-233 [2000]; People v Di Raffaele, 55 NY2d 234, 240 [1982]; People v Ortiz, 84 AD3d 839, 840 [2011]; People v Nordahl, 46 AD3d 579, 580 [2007]; People v Kalu, 45 AD3d 699 [2007]).

The County Court providently exercised its discretion in denying the defendant's motion to withdraw his plea of guilty (see People v Seeber, 4 NY3d 780 [2005]; People v Amanze, 87 AD3d 1159 [2011]; People v Wiedmer, 71 AD3d 1067 [2010]; People v McGhee, 62 AD3d 1027 [2009]; CPL 220.60 [3]). The record reflects that the defendant knowingly, voluntarily, and intelligently entered his plea of guilty (see generally People v Catu, 4 NY3d 242, 244-245 [2005]; People v Fiumefreddo, 82 NY2d 536, 543 [1993]; People v Haffiz, 77 AD3d 767, 768 [2010]; People v Rhodes, 62 AD3d 815, 816 [2009]).

As the People correctly concede, the amount of restitution imposed must be modified to conform to the County Court's determination at the restitution hearing (see People v Hooten, 81 AD3d 1384 [2011]). Angiolillo, J.P., Florio, Belen and Chambers, JJ., concur.