■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS A. MOSHIER, Appellant. [972 NYS2d 675]—

Appeal by the defendant from a judgment of the County Court, Dutchess County (Greller, J.), rendered May 27, 2011, convicting him of criminal sale of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the third degree, and criminal possession of a weapon in the fourth degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Greller, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony, and the denial, without a hearing (Forman, J.), of that branch of the same motion which was to controvert a search warrant and to suppress physical evidence seized in the execution thereof.

Ordered that the judgment is affirmed.

The defendant was arrested following two audiotaped drug purchases by a confidential informant and a search of the defendant's residence pursuant to a search warrant, during which a shotgun and a large number of glassine envelopes containing heroin were recovered.

The defendant's contention that the County Court should have suppressed the proffered identification testimony of the confidential informant based on certain allegedly suggestive statements made by a police officer to the informant before and after he viewed a photo array is unpreserved for appellate review, since the defendant failed to advance his current arguments at the suppression hearing (*see* CPL 470.05 [2]; *People v Acevedo,* 84 AD3d 1390 [2011]; *People v Lago,* 60 AD3d 784 [2009]; *People v Carter,* 44 AD3d 677 [2007]). In any event, the contentions are without merit (*see People v Guitierres,* 82 AD3d 1116 [2011]; *People v Negron,* 238 AD2d 444 [1997]). As the defendant failed to rebut the People's initial showing that the police conduct was reasonable and that the pretrial identification procedure was not unduly suggestive, the People were not required to establish an independent source for the proffered in-court identification (*see People v Chipp,* 75 NY2d 327, 335 [1990]).

We find unpersuasive the defendant's contention in his pro se supplemental brief that the County Court erred in denying, without a hearing, that branch of his omnibus motion which was to controvert a search warrant and to suppress certain physical evidence seized in its execution. The defendant's omnibus motion failed to make the requisite preliminary showing that the affidavit in support of the warrant contained false statements (*see People v Alfinito*, 16 NY2d 181 [1965]; *People v McGeachy*, 74 AD3d 989 [2010]; *People v Tordella*, 37 AD3d 500 [2007]). Moreover, the defendant never renewed that branch of his omnibus motion, despite being granted leave by the court to do so following his receipt of a redacted copy of the supporting affidavit. Thus, the defendant's present arguments alleging a lack of probable cause for issuance of the search warrant are improperly raised for the first time on appeal (*see* CPL 470.05 [2]; *People v Scott*, 85 AD3d 827 [2011]; *People v Toellner*, 299 AD2d 567 [2002]) and, in any event, are without merit.

The defendant's additional contention in his pro se supplemental brief that his trial counsel was ineffective with regard to certain pretrial motion practice is not properly before this Court, since "[b]y pleading guilty, the defendant forfeited appellate review of his claims of ineffective assistance of counsel that did not directly involve the plea bargaining process and sentence" (*People v Fakhoury*, 103 AD3d 664, 664 [2013]; *see People v Petgen*, 55 NY2d 529, 535 n 3 [1982]; *People v Patterson*, 106 AD3d 757 [2013]; *People v Chase*, 101 AD3d 1141 [2012]; *People v Jones*, 89 AD3d 1037 [2011]; *People v Turner*, 40 AD3d 1018 [2007]).

Finally, the defendant's pro se contention regarding the propriety of his adjudication as a predicate felon is unpreserved for appellate review, since "he did not contest or controvert his status as a second felony offender when he had the opportunity to do so at the sentencing hearing" (*People v Delston*, 30 AD3d 536, 536 [2006]; *see People v Smith*, 73 NY2d 961 [1989]; *People v Miles*, 95 AD3d 1038 [2012]). In any event, the defendant's adjudication as a second felony offender was proper (*see People v Parmer*, 231 AD2d 867 [1996]; *People v Pena*, 158 AD2d 480 [1990]). Mastro, J.P., Dickerson, Chambers and Roman, JJ., concur.