██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JARDELL WARD, Appellant. [5 NYS3d 468]—

Appeal by the defendant from a judgment of the County Court, Orange County (Freehill, J.), rendered February 14, 2013, convicting him of criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant knowingly, intelligently, and voluntarily waived his right to appeal (*see People v Ramos*, 7 NY3d 737, 738 [2006]). Our review of the defendant's challenge to an adverse suppression ruling is precluded by his valid waiver of his right to appeal (*see People v Kemp*, 94 NY2d 831, 833 [1999]).

"The decision to permit a defendant to withdraw a previously entered plea of guilty rests within the sound discretion of the court and generally will not be disturbed absent an improvident exercise of discretion" (*People v Duncan*, 78 AD3d 1193, 1193 [2010]; *see People v Tepley*, 105 AD3d 977 [2013]). Here, to the extent that the defendant argues that he felt compelled to plead guilty, this argument is at odds with statements he made under oath at the plea proceeding, and is insufficient to warrant withdrawal of the plea, or a hearing to determine any application to withdraw the plea (*see People v Haywood* 122 AD3d 769 [2014]). Although the defendant further argues that his plea of guilty was invalid because he was on medication at the time he entered it, he also indicates, in effect, that he understood the plea proceeding, and our review of the responses he gave to the County Court at the plea and sentencing proceedings warrants the conclusion that those responses were appropriate and did not indicate that he was incapacitated (*see People v Kelly*, 121 AD3d 713 [2014]). Accordingly,

the County Court providently exercised its discretion in denying, without a hearing, the defendant's motion to withdraw his plea of guilty.

"The defendant's valid waiver of his right to appeal precludes review of his contention that the sentence imposed was excessive" (*People v Morgan*, 121 AD3d 1128, 1129 [2014]). While the defendant's contention that the sentence imposed was illegal may be reviewed despite his valid waiver of his right to appeal (*see People v Lopez*, 6 NY3d 248, 255 [2006]), that contention is without merit. Mastro, J.P., Dickerson, Maltese and Barros, JJ., concur.