■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID HARDMAN, Appellant. [22 NYS3d 590]—

Appeals by the defendant from three judgments of the Supreme Court, Kings County (Chun, J.), all rendered April 13, 2009, convicting him of criminal sale of a controlled substance in the third degree under Kings County indictment No. 3888/06, criminal sale of a firearm in the third degree under Kings County indictment No. 5543/06, and manslaughter in the first degree under Kings County indictment No. 448/07, respectively, upon his pleas of guilty, and imposing sentences. The appeal from the judgment convicting the defendant of manslaughter in the first degree brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress statements made to law enforcement officials and identification testimony.

Ordered that the judgments are affirmed.

The defendant's challenge to the factual sufficiency of the plea allocution for manslaughter in the first degree is unpreserved for appellate review, as he failed to move to withdraw the plea under CPL 220.60 (3) (*see People v Lopez*, 71 NY2d 662, 664 [1988]). Contrary to the defendant's contention, the exception to the preservation requirement does not apply here, because the defendant's plea allocution did not cast significant doubt upon his guilt, negate an essential element of the crime, or call into question the voluntariness of the plea (*see People v Tyrell*, 22 NY3d 359 [2013]; *People v Lopez*, 71 NY2d at 666; *People v Fontanet*, 126 AD3d 723 [2015]). Rather, the defendant's plea colloquy established his guilt on the theory that he acted in concert with his accomplice to commit manslaughter in the first degree.

Also unpreserved for appellate review is the defendant's contention that the hearing court should have suppressed identification testimony based on the People's refusal to provide the name of the confidential witness who identified the defendant from a photographic array (*see* CPL 470.05 [2]). In any event, this contention is without merit, as the testimony of the detective who caused the computer-generated array to be created and who showed the array to the identifying witness was sufficient to establish the reasonableness of the police conduct and the lack of any undue suggestiveness in the pretrial identification procedure (*see People v Chipp*, 75 NY2d 327, 335 [1990]). The People having thus satisfied their initial burden, the defense bore "the ultimate burden" of proving that the identification was improper (*People v Delamota*, 18 NY3d 107, 118 [2011]; *see People v Chipp*, 75 NY2d at 335), a burden the

defendant failed to satisfy. Accordingly, that branch of the defendant's omnibus motion which was to suppress identification testimony was properly denied.

The defendant further contends that the Supreme Court erred in denying that branch of his omnibus motion which was to suppress three statements he made to the police. We agree with the defendant that the first statement to the police should have been suppressed, on the ground that the People failed to show that the defendant was not subjected to custodial constraint at that time (*see People v Alls*, 83 NY2d 94, 102-103 [1993]), and the defendant was not advised of his *Miranda* rights (*see Miranda v Arizona*, 384 US 436 [1966]). However, several hours later, after he was advised of, and waived his *Miranda* rights, the defendant made a similar videotaped statement. More than two years later, while in police custody for a different crime, the defendant again waived his *Miranda* rights and made additional statements to the police. The defendant's later statements, including a videotaped statement, were admissible against him, since there was a definite, pronounced break giving the defendant ample time for reflection, which was sufficient to remove any taint of his first statement (*see People v Paulman*, 5 NY3d 122, 131 [2005]; *People v Mattis*, 45 AD3d 869, 870 [2007]; *People v Vachet*, 5 AD3d 700, 702 [2004]; *People v McIntyre*, 138 AD2d 634, 637 [1988]).

Accordingly, those branches of the defendant's omnibus motion which were to suppress the two later statements were properly denied. The defendant's first statement to the police should have been suppressed, but it was cumulative of other evidence. Under the circumstances, there is no "reasonable possibility that the error contributed to the plea" (*People v Grant*, 45 NY2d 366, 379 [1978]; *see People v Lloyd*, 66 NY2d 964 [1985]). Therefore, the failure to suppress the first statement is not grounds to vacate the defendant's plea of guilty to manslaughter in the first degree (*see People v Hardy*, 77 AD3d 133, 141-142 [2010]).

Contrary to the defendant's contention, he was not deprived of the effective assistance of counsel by trial counsel's failure to make certain objections or motions that had "little or no chance of success" (*People v Stultz*, 2 NY3d 277, 287 [2004]).

The defendant's remaining contentions are without merit. Balkin, J.P., Hall, Cohen and Hinds-Radix, JJ., concur.