■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAURIZIO MAGNOTTA, Appellant. [27 NYS3d 403]—

Appeal by the defendant from a judgment of the County Court, Putnam County (Rooney, J.), rendered December 7, 2011, convicting him of criminal sexual act in the first degree and burglary in the third degree (two counts), upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the record demonstrates that he knowingly, voluntarily, and intelligently waived his right to appeal (*see People v Sanders*, 25 NY3d 337 [2015]). The defendant's valid waiver of his right to appeal precludes appellate review of his contention that the sentence imposed was excessive (*see People v Lopez*, 6 NY3d 248, 255-256 [2006]).

The defendant's contention that his plea was not knowing, voluntary, and intelligent survives his valid appeal waiver (*see People v Fontanet*, 126 AD3d 723 [2015]). However, the defendant failed to preserve this contention for appellate review, since he did not move to withdraw the plea (*see People v Lopez*, 71 NY2d 662 [1988]; *People v Narbonne*, 131 AD3d 626, 627 [2015]). In any event, the defendant's plea of guilty was knowingly, voluntarily, and intelligently entered (*see People v Fiumefreddo*, 82 NY2d 536, 543 [1993]). Contrary to the defendant's contention, the record of the plea proceeding reveals that he was adequately apprised of the constitutional rights forfeited by his plea of guilty (*see People v Pollidore*, 123 AD3d 1058, 1059 [2014]).

The defendant's contention that his plea was not knowingly, voluntarily, and intelligently entered because the County Court did not adequately inform him of the consequences of his plea on a determination pursuant to the Sex Offender Registration Act (*see* Correction Law art 6-C) is unpreserved for appellate review, since he did not move to withdraw his plea or otherwise raise this issue before the court and, in any event, the contention is without merit (*see People v Gravino*, 14 NY3d 546, 550 [2010]; *People v Holcombe*, 116 AD3d 1063, 1064 [2014]).

To the extent the defendant claims that the voluntariness of

his plea was hindered by the ineffective assistance of his counsel, the defendant was afforded meaningful representation (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Rodriguez-Ovalles*, 74 AD3d 1368 [2010]).

By pleading guilty, the defendant forfeited judicial review of his contentions that the grand jury proceeding was rendered defective by the presentation of charges arising from two separate incidents and by the improper introduction of certain evidence (*see People v Hansen*, 95 NY2d 227, 231 [2000]; *People v Visconti*, 96 AD3d 979 [2012]; *People v Ortiz*, 84 AD3d 839, 840 [2011]), and that the evidence submitted to the grand jury was insufficient to support the indictment (*see People v O'Connor*, 136 AD3d 945 [2016]; *People v Woods*, 115 AD3d 997, 998 [2014]). Hall, J.P., Austin, Sgroi and LaSalle, JJ., concur.