■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK MENDOZA, Appellant. [60 NYS3d 495]—Appeal by the defendant from a judgment of the County Court, Westchester County (Zuckerman, J.), rendered December 19, 2013, convicting him of burglary in the second degree (two counts), upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant validly waived his right to appeal (*see People v Sanders*, 25 NY3d 337 [2015]). The defendant's valid waiver of his right to appeal forecloses appellate review of his challenge to the factual sufficiency of his plea allocution (*see People v Smith*, 146 AD3d 904, 904 [2017]; *People v Thompson*, 143 AD3d 1007, 1008 [2016]). Further, the defendant's valid waiver of his right to appeal precludes appellate review of his contention that the sentence imposed was excessive (*see People v Lopez*, 6 NY3d 248, 255-256 [2006]; *People v Magnotta*, 137 AD3d 1303, 1303 [2016]).

The defendant's contention that his plea was not knowing, voluntary, and intelligent survives his valid appeal waiver (*see People v Smith*, 146 AD3d at 904; *People v Magnotta*, 137 AD3d at 1303). However, the defendant's contention that his plea of guilty was not knowingly, voluntarily, and intelligently entered is unpreserved for appellate review (*see People v Williams*, 27 NY3d 212 [2016]). Contrary to the defendant's contention, the exception to the preservation requirement does not apply here, because the defendant's plea allocution did not cast significant doubt upon his guilt, negate an essential element of the crime, or call into question the voluntariness of the plea (*see People v Lopez*, 71 NY2d 662, 666 [1988]; *People v Hardman*, 135 AD3d 785, 786 [2016]). In any event, the record as a whole demonstrates that the defendant entered his plea of guilty knowingly, voluntarily, and intelligently (*see People v Conceicao*, 26 NY3d 375, 382-383 [2015]; *People v May*, 138 AD3d 1146, 1146 [2016]).

To the extent the defendant contends that he was deprived of the effective assistance of counsel due to counsel's failure to pursue certain pretrial motion practice, the defendant forfeited appellate review of this claim by pleading guilty (*see People v Tarrant*, 114 AD3d 710, 710-711 [2014]; *People v Moshier*, 110 AD3d 832, 833 [2013]).

The defendant's remaining contentions are without merit. Leventhal, J.P., LaSalle, Brathwaite Nelson and Christopher, JJ., concur.