■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK J. MENDOZA, Appellant. [60 NYS3d 487]—Appeals by the defendant from two judgments of the County Court, Putnam County (Reitz, J.), both rendered October 29, 2013, convicting him of burglary in the second degree under superior court information No. 251/13, and burglary in the second degree under indictment No. 17/13, upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

The defendant validly waived his right to appeal (*see People v Sanders*, 25 NY3d 337 [2015]). The defendant's valid waiver of his right to appeal forecloses appellate review of his challenge to the factual sufficiency of his plea allocutions (*see People v Smith*, 146 AD3d 904, 904 [2017]; *People v Thompson*, 143 AD3d 1007, 1008 [2016]). Further, the defendant's valid waiver of his right to appeal precludes appellate review of his contention that the sentences imposed were excessive (*see People v Lopez*, 6 NY3d 248, 255-256 [2006]; *People v Magnotta*, 137 AD3d 1303, 1303 [2016]).

The defendant's contention that his pleas were not knowing, voluntary, and intelligent survives his valid appeal waiver (*see People v Smith*, 146 AD3d at 904; *People v Magnotta*, 137 AD3d at 1303). However, the defendant's contention that his pleas of guilty were not knowingly, voluntarily, and intelligently entered is unpreserved for appellate review (*see People v Williams*, 27 NY3d 212 [2016]). Contrary to the defendant's contention, the exception to the preservation requirement does not apply here, because the defendant's plea allocutions did not cast significant doubt upon his guilt, negate an essential element of the crime, or call into question the voluntariness of the pleas (*see People v Lopez*, 71 NY2d 662, 666 [1988]; *People v Hardman*, 135 AD3d 785, 786 [2016]). In any event, the record as a whole affirmatively discloses that the defendant entered his pleas of guilty knowingly and voluntarily (*see People v Conceicao*, 26 NY3d 375, 382-383 [2015]; *People v May*, 138 AD3d 1146, 1146 [2016]).

To the extent the defendant contends that he was deprived of the effective assistance of counsel because counsel failed to pursue certain pretrial motion practice, by pleading guilty, the defendant forfeited appellate review of this claim, which did not directly involve the plea negotiation process (*see People v Tarrant*, 114 AD3d 710, 710-711 [2014]; *People v Moshier*, 110 AD3d 832, 833 [2013]).

The defendant's remaining contentions are without merit. Leventhal, J.P., LaSalle, Brathwaite Nelson and Christopher, JJ., concur.