People v Saliani (2018 NY Slip Op 05341)





People v Saliani


2018 NY Slip Op 05341


Decided on July 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2016-09111
 (Ind. No. 529-16)

[*1]The People of the State of New York, respondent,
v
Michael Saliani, appellant.


Del Atwell, East Hampton, NY, for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Timothy P. Finnerty of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Mark D. Cohen, J.), rendered June 29, 2016, convicting him of attempted burglary in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that his waiver of the right to appeal was not knowingly, voluntarily, and intelligently made is without merit (see People v Bryant, 28 NY3d 1094; People v Sanders, 25 NY3d 337). The defendant's contention with respect to the voluntariness of his plea survives a valid waiver of the right to appeal (see People v Fontanet, 126 AD3d 723, 723; People v Rodriguez-Ovalles, 74 AD3d 1368, 1368). However, that contention is unpreserved for appellate review, since the defendant did not move to withdraw his plea (see People v Lopez, 71 NY2d 662, 665; People v Magnotta, 137 AD3d 1303, 1303; People v Narbonne, 131 AD3d 626, 627). Contrary to the defendant's contention, the exception to the preservation requirement does not apply here, because the defendant's plea allocution did not cast significant doubt upon his guilt, negate an essential element of the crime, or call into question the voluntariness of the plea (see People v Tyrell, 22 NY3d 359, 364; People v Lopez, 71 NY2d at 666; People v Fontanet, 126 AD3d at 723). In any event, the record as a whole demonstrates that the defendant's plea of guilty was knowingly, voluntarily, and intelligently entered (see People v Conceicao, 26 NY3d 375, 382-383; People v Sulaiman, 134 AD3d 860, 861).
By pleading guilty, the defendant forfeited the review of any claims of ineffective [*2]assistance of counsel that do not directly involve the negotiation process and sentence (see People v Moshier, 110 AD3d 832, 833; People v Rodriguez-Ovalles, 74 AD3d at 1368-1369). To the extent that his claims can be reviewed, the defendant was afforded meaningful representation (see People v Benevento, 91 NY2d 708, 712).
The defendant's valid waiver of his right to appeal precludes review of his contentions that the procedure used to adjudicate him a persistent violent felony offender was defective (see People v Mallahan, 119 AD3d 875, 876).
DILLON, J.P., CHAMBERS, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court