People v Melvin (2018 NY Slip Op 07330)





People v Melvin


2018 NY Slip Op 07330


Decided on October 31, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 31, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
JEFFREY A. COHEN
LINDA CHRISTOPHER, JJ.


2017-00593
 (Ind. No. 16-00354)

[*1]The People of the State of New York, respondent,
v
Earl O. Melvin, also known as "Bugs," appellant.


John P. Savoca, Yorktown, NY, for appellant.
David M. Hoovler, District Attorney, Goshen, NY (Andrew R. Kass of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Craig Stephen Brown, J.), rendered December 15, 2016, convicting him of operating as a major trafficker, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, his waiver of the right to appeal was knowing, voluntary, and intelligent (see People v Sanders, 25 NY3d 337, 341; People v Ramos, 7 NY3d 737, 738; People v Palladino, 140 AD3d 1194, 1195). The defendant's valid waiver of his right to appeal precludes review of his contention that the sentence imposed was excessive (see People v Palladino, 140 AD3d at 1195; People v Magnotta, 137 AD3d 1303, 1303).
The defendant's contention that his plea of guilty was not knowingly, intelligently, and voluntarily made survives his valid appeal waiver (see People v Magnotta, 137 AD3d at 1303; People v Fontanet, 126 AD3d 723, 723). However, the defendant failed to preserve this contention for appellate review since he did not move to withdraw his plea or otherwise raise this issue before the County Court (see People v Lopez, 71 NY2d 662, 665; People v Pollidore, 123 AD3d 1058, 1058). In any event, the defendant's plea of guilty was knowing, intelligent, and voluntary (see People v Molina, 146 AD3d 815, 815; People v Magnotta, 137 AD3d at 1303). Contrary to the defendant's contention, the record of the plea proceeding reveals that the court adequately advised him of the constitutional rights forfeited by his plea of guilty (see People v Magnotta, 137 AD3d at 1303; People v Pollidore, 123 AD3d at 1058). Moreover, the defendant acknowledged that he had a full and fair opportunity to discuss with his attorney the plea, the rights he was waiving, and any legal defenses he might have to the charges, and that he was satisfied with his attorney's representation (see People v Molina, 146 AD3d at 815; People v Khan, 201 AD2d 586, 587).
SCHEINKMAN, P.J., DILLON, COHEN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court