People v Griffin (2018 NY Slip Op 08687)





People v Griffin


2018 NY Slip Op 08687


Decided on December 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2016-07860
 (Ind. No. 1317-15)

[*1]The People of the State of New York, respondent,
v
Christopher Griffin, appellant.


The Law Offices of Christopher J. Cassar, P.C., Huntington, NY, for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Alfred J. Croce of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Richard Ambro, J.), rendered June 22, 2016, convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant validly waived his right to appeal (see People v Sanders, 25 NY3d 337). The defendant's valid waiver of his right to appeal forecloses review of his challenge to the factual sufficiency of his plea allocution (see People v Mendoza, 153 AD3d 1364, 1364; People v Smith, 146 AD3d 904, 904; People v Thompson, 143 AD3d 1007, 1008). The defendant's valid waiver of the right to appeal also precludes review of his contention that the sentence imposed was excessive (see People v Lopez, 6 NY3d 248, 255-256).
The defendant's contention that his plea was not knowing, voluntary, and intelligent survives a valid appeal waiver (see People v Mendoza, 153 AD3d at 1364; People v Smith, 146 AD3d at 904). However, the defendant's contention that his plea of guilty was not knowingly, voluntarily, and intelligently entered is unpreserved for appellate review (see People v Williams, 27 NY3d 212). The exception to the preservation requirement does not apply here, because the defendant's plea allocution did not cast significant doubt upon his guilt, negate an essential element of the crime, or call into question the voluntariness of the plea (see People v Lopez, 71 NY2d 662, 666; People v Mendoza, 153 AD3d at 1365; People v Hardman, 135 AD3d 785, 786). Contrary to the defendant's contention, the postplea assertions of innocence attributed to him in the presentence report did not call into question the voluntariness of the plea and did not obligate the County Court to conduct any further inquiry (see People v Caceras, 155 AD3d 972; People v Maldonado, 144 AD3d 706, 707; People v Ellis, 142 AD3d 509; People v Axel M., 122 AD3d 946, 947). In any event, the court conducted a sufficient inquiry regarding those assertions of innocence, and the defendant again admitted his guilt under oath at the time of sentencing.
SCHEINKMAN, P.J., MASTRO, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court