People v Green (2019 NY Slip Op 05147)





People v Green


2019 NY Slip Op 05147


Decided on June 26, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 26, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SHERI S. ROMAN
HECTOR D. LASALLE
LINDA CHRISTOPHER, JJ.


2017-04978
 (Ind. No. 141/16)

[*1]The People of the State of New York, respondent,
v
Richard R. Green, appellant.


Salvatore C. Adamo, New York, NY, for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Edward T. McLoughlin, J.), rendered April 10, 2017, convicting him of operating a motor vehicle while under the influence of alcohol, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The record of the plea proceeding establishes that the defendant validly waived his right to appeal (see People v Sanders, 25 NY3d 337, 339-342; People v Batista, 167 AD3d 69, 73). The colloquy between the County Court and the defendant demonstrated the defendant's understanding of the distinction between the right to appeal and other rights he was giving up by virtue of the plea, as well as the consequences of the waiver (see People v Batista, 167 AD3d at 74). The record demonstrates that the defendant understood the nature of his right to appeal and that he knowingly, voluntarily, and intelligently waived that right (see People v Batista, 167 AD3d at 74).
The defendant's contention that his plea was not knowing, intelligent, and voluntary is not barred by his valid waiver of the right to appeal (see People v Seaberg, 74 NY2d 1, 10; People v Mendoza, 153 AD3d 1364, 1365). However, the defendant failed to preserve this contention for appellate review since he failed to move to withdraw his plea (see People v Williams, 27 NY3d 212, 214; People v Lopez, 71 NY2d 662, 665; People v Perez, 160 AD3d 901, 901). The exception to the preservation requirement does not apply here because the defendant's plea allocution does not "clearly cast[ ] significant doubt upon the defendant's guilt or otherwise call[ ] into question the voluntariness of the plea" (People v Lopez, 71 NY2d at 666; see People v Griffin, 167 AD3d 934, 934; People v Mendoza, 153 AD3d at 1365). In any event, the record indicates that the defendant entered his plea of guilty knowingly, voluntarily, and intelligently (see People v Ward, 126 AD3d 730, 730; People v Kelly, 121 AD3d 713, 713; People v M'Lady, 59 AD3d 568, 568).
The defendant's valid waiver of the right to appeal does not preclude review of his claim of ineffective assistance of counsel since he claims that ineffective assistance of counsel affected the voluntariness of the plea (see People v Weston, 145 AD3d 746, 747; People v Perazzo, 65 AD3d 1058, 1059). The defendant's contention that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the [*2]record and, thus, constitutes a "mixed claim" of ineffective assistance (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n 2). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the defendant's claim in its entirety, and we decline to review the claim on this direct appeal (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109).
The defendant's valid waiver of the right to appeal precludes review of his contention that the sentence imposed was excessive (see People v Lopez, 6 NY3d 248, 255-256; People v Gipson, 170 AD3d 1037).
LEVENTHAL, J.P., ROMAN, LASALLE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court