■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY SINGLETON, Appellant. — Appeals by the defendant from three judgments of the Supreme Court, Queens County (Pitaro, J.), all rendered December 9, 1983, convicting him of robbery in the third degree, robbery in the second degree, and attempted robbery in the first degree, upon his pleas of guilty, and imposing sentences.

Judgments affirmed.

On these appeals, the defendant contends that his pleas of guilty should be vacated because he was not advised at the taking of the pleas of his "rights to have witnesses testify in his defense and to make [the] People prove his guilt beyond a reasonable doubt to a unanimous jury". Having failed either to move to withdraw his plea on these grounds prior to the imposition of sentence or to vacate the judgment pursuant to CPL 440.10, the defendant has not preserved for appellate review the plea allocution's sufficiency (see CPL 470.05, subd 2; *People v Hoke,* 62 NY2d 1022; *People v Pellegrino,* 60 NY2d 636; *People v Mattocks,* 100 AD2d 944; *People v Ortiz,* 105 AD2d 809). Moreover, were we to review this issue in the interest of justice, vacatur would not be required because the allocution satisfied the requirements of *People v Harris* (61 NY2d 9).

With regard to the defendant's contention that the second felony offender statute (see Penal Law, § 70.06) is unconstitutional, we note that this issue, too, has not been preserved for our review (see *People v Oliver,* 63 NY2d 973; *People v Cates,* 104 AD2d 895). In any event, this identical issue has previously been rejected (see *People v Carrisquello,* 106 AD2d 513; *People v Thompson,* 105 AD2d 762; *People v Rembert,* 105 AD2d 717; *People v Vasquez,* 104 AD2d 1012; *People v Cates, supra*), and no reason to depart from these rulings has been proffered to us by

the defendant. Similarly any claim that the sentences imposed are disproportionate to the crime for which the defendant stands convicted must be rejected under the circumstances presented herein (see *United States v Ortiz,* 742 F2d 712).

Finally, there is no merit to the defendant's claim that his sentence, which was imposed in accordance with the plea agreement (see *People v La Lande,* 104 AD2d 1052; *People v Nelson,* 104 AD2d 1055; *People v Kazepis,* 101 AD2d 816), was unduly harsh and excessive. Moreover, we find no basis to modify the sentence in the interest of justice (see *People v Suitte,* 90 AD2d 80). Thompson, J. P., Bracken, Brown and Rubin, JJ., concur.