OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 
 *906
 
 Defendant was convicted on a plea of guilty, the Appellate Division affirmed, and a Judge of this Court granted leave to appeal. The issue is whether defendant’s claim, challenging the validity of the guilty plea, must be preserved before the trial court. Defendant argues that an ambiguous comment by the trial court, at the tail-end of the guilty plea proceeding and colloquy, rises to the level of a “mode of proceedings” concern. If so, he further urges, it was not necessary to preserve this challenge in the customarily required way.
 

 We conclude that the challenge to the validity of the plea in this case had to be preserved and is not a “mode of proceedings” matter. The utterance, upon which defendant’s claims hinge, was at most a “mere mistake” of language by the court
 
 (compare, People v Minaya,
 
 54 NY2d 360, 365,
 
 cert denied
 
 455 US 1024). The unassailable understanding at the plea proceeding by all participants as to what was functionally taking place, confirmed by their positions at sentencing, contradicts defendant’s substantive reformulation, first advanced as an argument before the Appellate Division. The record convincingly demonstrates the trial court’s acceptance of defendant’s complete and voluntary allocution to the requisite elements of the crime, to which defendant repeatedly indicated his desire to plead guilty as part of a package approved by the prosecution involving a codefendant, as well. Moreover, this case does not qualify for the narrow, rare exception to the requirement that the claim of an invalid guilty plea must be appropriately preserved
 
 (see, People v Lopez,
 
 71 NY2d 662).
 

 Chief Judge Kaye and Judges Bellacosa, Levine, Ciparick, Wesley and Rosenblatt concur; Judge Smith taking no part.
 

 Order affirmed in a memorandum.