■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW SANDSON, Appellant. [774 NYS2d 816]—Appeals by the defendant from three judgments of the Supreme Court, Queens County (Blumenfeld, J.), all rendered July 6, 2000, convicting him of robbery in the first degree and criminal possession of stolen property in the fifth degree under Indictment No. 2926/97, robbery in the first degree and robbery in the second degree under Indictment No. 3582/97, and robbery in the first degree and robbery in the second degree under Indictment No. 3583/97, upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

The defendant contends that his pleas of guilty were not voluntary or knowing because the court failed to make inquiry when his allocution raised the possibility of the existence of an affirmative defense to the crime of robbery in the first degree (*see* Penal Law § 160.15 [4]). However, this contention is unpreserved for appellate review since the defendant neither moved to withdraw his pleas nor to vacate the judgments on that ground (*see People v Toxey,* 86 NY2d 725 [1995]; *People v Doctor,* 270 AD2d 283 [2000]). Furthermore, the narrow exception to the preservation rule, as set forth in *People v Lopez* (71 NY2d 662 [1988]) is inapplicable here since there is nothing in the allocution which would cast significant doubt on the defendant's guilt, or otherwise call into question the voluntariness of his pleas (*see People v Harrell,* 288 AD2d 489 [2001]).

The defendant's remaining contention is without merit. Santucci, J.P., S. Miller, Schmidt and Townes, JJ., concur.