■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARD WATSON, Appellant. [798 NYS2d 471]—Appeal by the defendant from a judgment of the County Court, Orange County (Rosenwasser, J.), rendered December 8, 2003, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that his plea of guilty was not knowingly, voluntarily, and intelligently made because the court failed to specifically enumerate all of the rights to which he was entitled and failed to inquire about a possible affirmative defense. Having failed either to move to withdraw his plea on these grounds before the imposition of sentence or to vacate the judgment pursuant to CPL 440.10, the defendant has not preserved for appellate review the issue of the sufficiency of the plea allocution (*see* CPL 470.05 [2]; *People v Lopez,* 71 NY2d 662, 665 [1988]; *People v Pellegrino,* 60 NY2d 636 [1983]; *People v Gaines,* 11 AD3d 478 [2004]; *People v Sandson,* 6 AD3d 632 [2004]; *People v Singleton,* 107 AD2d 828 [1985]). Furthermore, the narrow exception to the preservation rule, as set forth in *People v Lopez* (*supra* at 666), is inapplicable since there is nothing in the allocution which would cast significant doubt on the defendant's guilt, or otherwise call into question the voluntariness of his plea (*see People v Harrell,* 288 AD2d 489 [2001]). In any event, the plea was knowingly, voluntarily, and intelligently made (*see People v Harris,* 61 NY2d 9, 12 [1983]).

The defendant's waiver of his right to appeal precludes review of his claim that the sentence imposed was excessive (*see People v Muniz,* 91 NY2d 570 [1998]; *People v Callahan,* 80 NY2d 273 [1992]; *People v Seaberg,* 74 NY2d 1 [1989]). Prudenti, P.J., Schmidt, Santucci, Luciano and Spolzino, JJ., concur.