■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMANTHA JONES, Also Known as SAMANTHA STALTER, Appellant. [801 NYS2d 67]—Appeals by the defendant from two judgments of the County Court, Orange County (DeRosa, J.), both rendered August 7, 2003, convicting her of hindering prosecution in the second degree under indictment No. 02-00826 and conspiracy in the second degree under indictment No. 03-00425, upon her pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

The defendant contends that her pleas of guilty were not knowingly, voluntarily and intelligently made because the allocutions did not satisfy the requirements of *People v Harris* (61 NY2d 9 [1983]) and because her factual allocutions failed to establish the crimes of hindering prosecution in the second degree and conspiracy in the second degree. Having failed either to move to withdraw her pleas on these grounds prior to the imposition of sentence or to vacate the judgments pursuant to CPL 440.10, the defendant has failed to preserve for appellate review the sufficiency of the plea allocutions (*see* CPL 470.05 [2]; *People v Lopez,* 71 NY2d 662, 665 [1988]; *People v Pellegrino,* 60 NY2d 636 [1983]; *People v Gaines,* 11 AD3d 478 [2004]; *People v Sandson,* 6 AD3d 632 [2004]; *People v Singleton,* 107 AD2d 828 [1985]). Furthermore, the narrow exception to the preservation rule, as set forth in *People v Lopez* (*supra* at 666), is inapplicable here since there is nothing in the allocutions which would cast significant doubt on the defendant's guilt, or otherwise call into question the voluntariness of her pleas (*see People v Harrell,* 288 AD2d 489 [2001]). In any event, we find that the pleas were knowingly, voluntarily, and intelligently made (*see People v Harris, supra*).

The defendant's waiver of her right to appeal precludes review of her claim that the sentence imposed was excessive (*see People v Lococo,* 92 NY2d 825, 827 [1998]; *People v Hidalgo,* 91 NY2d 733, 737 [1998]; *People v Iorio,* 276 AD2d 564 [2000]). Adams, J.P., Cozier, Ritter and Skelos, JJ., concur.