■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE SWANTON, Appellant. [810 NYS2d 375]—Appeal by the defendant from a judgment of the County Court, Suffolk County (Ohlig, J.), rendered June 17, 2004, convicting him of robbery in the first degree (two counts), upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that his plea allocution was factually insufficient to establish the crime of robbery in the first degree because the court failed to inquire whether he actually possessed a dangerous instrument at the time of the crime (*see* Penal Law § 160.15 [3]; *People v Pena,* 50 NY2d 400 [1980], *cert denied* 449 US 1087 [1981]). Having failed either to move to withdraw his plea on this ground before the imposition of sentence or to vacate the judgment pursuant to CPL 440.10, the defendant has not preserved for appellate review the issue of the sufficiency of the plea allocution (*see* CPL 470.05 [2]; *People v Lopez,* 71 NY2d 662, 665 [1988]; *People v Pellegrino,* 60 NY2d 636 [1983]; *People v Watson,* 19 AD3d 518 [2005]; *People v Gaines,* 11 AD3d 478 [2004]; *People v Sandson,* 6 AD3d 632 [2004]). Furthermore, the exception to the preservation requirement set forth in *People v Lopez* (*supra*) does not apply since there was nothing in the defendant's factual recitation that would negate an essential element of robbery in the first degree or cast significant doubt on the defendant's guilt (*see People v Sandson, supra*; *People v Harrell,* 288 AD2d 489 [2001]). In any event, the plea was knowingly, voluntarily, and intelligently made (*see People v Lopez, supra* at 666).

The defendant's waiver of his right to appeal precludes review of his claim that the sentence imposed was excessive (*see People v Lopez,* 6 NY3d 248 [2006]; *People v Callahan,* 80 NY2d 273 [1992]; *People v Seaberg,* 74 NY2d 1 [1989]). Schmidt, J.P., Mastro, Spolzino and Lunn, JJ., concur.