■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROY WRIGHT, Appellant. [828 NYS2d 63]—Appeals by the defendant from (1) a judgment of the County Court, Nassau County (LaPera, J.), rendered March 26, 2004, convicting him of driving while intoxicated and aggravated unlicensed operation of a motor vehicle in the second degree under indictment No. 130/04, upon his plea of guilty, and imposing sentence, and (2) an amended judgment of the same court, rendered July 1, 2004, revoking a sentence of probation previously imposed upon his conviction of driving while intoxicated under Superior Court information No. 130/04, upon his admission that he had violated a condition thereof, and imposing a sentence of imprisonment.

Ordered that the judgment and the amended judgment are affirmed.

The defendant contends that his plea of guilty was not knowingly, voluntarily, and intelligently made because the court failed to enumerate his constitutional rights and because his allocution was factually insufficient. Having failed to move to withdraw his plea on these grounds prior to the imposition of sentence or to otherwise raise this issue before the County Court, the defendant failed to preserve for appellate review the sufficiency of the plea allocution (*see* CPL 470.05 [2]; *People v Lopez,* 71 NY2d 662, 665 [1988]; *People v Pellegrino,* 60 NY2d 636 [1983]; *People v Jones,* 21 AD3d 968 [2005]; *People v Watson,* 19 AD3d 518 [2005]; *People v Singleton,* 107 AD2d 828 [1985]). Furthermore, the narrow exception to the preservation rule, as set forth in *People v Lopez* (*supra* at 666), is inapplicable since there is nothing in the allocution which would cast significant doubt upon the defendant's guilt or negate any of the essential elements of the crimes pleaded to (*see People v Lopez, supra* at 666; *People v Palmer,* 29 AD3d 606 [2006]). Miller, J.P., Santucci, Goldstein, Skelos and Lunn, JJ., concur.