■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LENNY OQUENDO, Appellant. [830 NYS2d 665]—Appeals by the defendant from two judgments of the County Court, Orange County (DeRosa, J.), both rendered June 30, 2005, convicting him of attempted assault in the second degree and attempted criminal possession of a controlled substance in the fifth degree under indictment No. 04-819, and bail jumping in the second degree under Superior Court information No. 05-431, upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

The defendant's claim that his pleas were not knowing, voluntary, or intelligent is unpreserved for appellate review because the defendant did not move to withdraw his pleas before the court of first instance (*see People v Clarke*, 93 NY2d 904, 906 [1999]; *People v Pellegrino*, 60 NY2d 636, 637 [1983]). In any event, his pleas of guilty were knowingly, intelligently, and voluntarily entered (*see People v Garcia*, 92 NY2d 869, 871 [1998]; *People v Harris*, 61 NY2d 9, 17 [1983]).

The defendant's valid waiver of his right to appeal forecloses review of his claim that the sentences imposed are excessive (*see People v Lopez*, 6 NY3d 248, 255 [2006]; *People v Patterson*, 36 AD3d 832 [2007]).

The defendant's remaining contentions are without merit. Mastro, J.P., Rivera, Dillon and Carni, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIDGET OSBORNE, Appellant. [830 NYS2d 675]—Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated March 9, 1998 (*People v Osborne*, 248 AD2d 491 [1998]), affirming a judgment of the Supreme Court, Kings County, rendered April 11, 1997.

Ordered that the application is denied.

The appellant has failed to establish that she was denied the effective assistance of appellate counsel (*see Jones v Barnes*, 463 US 745 [1983]; *People v Stultz*, 2 NY3d 277 [2004]). Prudenti, P.J., Schmidt, Crane and Krausman, JJ., concur.