■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWIN W. JONES, Appellant. [837 NYS2d 306]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Kahn, J.), rendered January 5, 2006, convicting him of manslaughter in the second degree (two counts), leaving the scene of an incident without reporting, and operating a motor vehicle while under the influence of drugs, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that his plea was not knowingly, voluntarily, and intelligently entered is unpreserved for appellate review because the defendant never moved to withdraw his plea (*see People v Clarke*, 93 NY2d 904, 905 [1999]; *People v Lopez,* 71 NY2d 662, 665 [1988]; *People v Oquendo,* 38 AD3d 686 [2007]; *People v Swanton,* 27 AD3d 591 [2006]; *People v Bevins,* 27 AD3d 572 [2006]). The narrow exception to the preservation rule which exists "where the defendant's recitation of the facts underlying the crime pleaded to clearly casts significant doubt upon the defendant's guilt or otherwise calls into question the voluntariness of the plea" (*People v Lopez, supra* at 666) does not apply here because the defendant unequivo-

cally admitted at the plea allocution that he recklessly caused the victims' deaths by taking a drug which impaired his ability to operate a motor vehicle, and made no statements casting doubt upon his guilt or the voluntariness of his plea (*see People v Seeber*, 4 NY3d 780 [2005]; *People v Sanchez*, 33 AD3d 633 [2006]; *People v Swanton, supra*; *People v Bevins, supra; see also People v Taufman*, 14 AD3d 721 [2005]). In any event, the plea was knowingly, voluntarily, and intelligently made (*see People v Lopez, supra*; *People v Swanton, supra*). Furthermore, the statements attributed to the defendant in the presentence report were not inconsistent with the admissions he made at the plea allocution, and did not cast doubt upon his guilt or obligate the court to conduct a sua sponte inquiry into the basis for the plea (*see People v Bonilla*, 299 AD2d 934 [2002]; *People v Toussaint*, 294 AD2d 129 [2002]; *People v Pantoja*, 281 AD2d 245 [2001]; *see also People v Morales*, 17 AD3d 487 [2005]).

The defendant's remaining contentions are without merit. Crane, J.P., Krausman, Fisher and Lifson, JJ., concur.