■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT REYES, Appellant. [836 NYS2d 418]—Appeal by the defendant from a judgment of the County Court, Suffolk County (Ohlig, J.), rendered July 8, 2004, convicting him of grand larceny in the fourth degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that his plea of guilty was not knowing, intelligent, and voluntary because the court failed to specifically enumerate any of his constitutional rights is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Lopez*, 71 NY2d 662, 665 [1988]; *People v Silent*, 37 AD3d 625 [2007]; *People v Wright*, 34 AD3d 507 [2006]; *People v Watson*, 19 AD3d 518 [2005]), and we decline to review it in the exercise of our interest of justice jurisdiction. Mastro, J.P., Ritter, Skelos, Carni and McCarthy, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS ROSARIO, Appellant. [836 NYS2d 417]—Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Honorof, J.), rendered October 5, 2005, convicting him of attempted robbery in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see Anders v California*, 386 US 738 [1967]; *People v Paige*, 54 AD2d 631 [1976]; *cf. People v Gonzalez*, 47 NY2d 606 [1979]).

The defendant has raised no nonfrivolous issues in his supplemental pro se brief. The defendant's waiver of his right to appeal precludes review of his challenges to the court's denial of that branch of his pretrial motion which was to suppress his statement to the police (*see People v Kemp*, 94 NY2d 831, 833 [1999]; *People v Wager*, 34 AD3d 505, 506 [2006]; *People v Sanchez*, 33 AD3d 633, 634 [2006]). Crane, J.P., Santucci, Florio, Dillon and Balkin, JJ., concur.