■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY APPLING, Appellant. [942 NYS2d 617]—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Hinrichs, J.), rendered January 14, 2011, convicting him of criminal sale of a controlled substance in the third degree (three counts) and criminal possession of a controlled substance in the third degree (three counts), upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that his plea of guilty was not knowingly, voluntarily, and intelligently made is unpreserved for appellate review, since he did not move to withdraw his plea on this ground prior to the imposition of sentence (*see* CPL

220.60 [3]; 470.05 [2]; *People v Clarke*, 93 NY2d 904, 906 [1999]; *People v Lopez*, 71 NY2d 662, 665 [1988]; *People v Hayes*, 91 AD3d 792 [2012]; *People v Kulmatycski*, 83 AD3d 734, 735 [2011]; *People v Rusielewicz*, 45 AD3d 704 [2007]). In any event, the record demonstrates that the defendant's plea was entered knowingly, voluntarily, and intelligently (*see People v Fiume-freddo*, 82 NY2d 536, 543 [1993]; *People v Cancel*, 92 AD3d 891 [2012]). The statements attributed to the defendant in the presentence report did not call into question the voluntariness of the plea and did not obligate the court to conduct a sua sponte inquiry into the basis for the plea (*see People v Kelly*, 50 AD3d 921 [2008]; *People v Jones*, 41 AD3d 509, 510 [2007]; *People v Bonilla*, 299 AD2d 934, 935 [2002]; *People v Pantoja*, 281 AD2d 245, 246 [2001]).

The defendant's valid waiver of the right to appeal (*see People v Ramos*, 7 NY3d 737, 738 [2006]; *People v Muniz*, 91 NY2d 570 [1998]) precludes appellate review of his claim that he was deprived of the effective assistance of counsel, since it does not relate to the voluntariness of his plea (*see People v Duah*, 91 AD3d 884 [2012]; *People v Williams*, 84 AD3d 1417, 1418 [2011]; *People v Yarborough*, 83 AD3d 875 [2011]), and of his claim that the sentence was excessive (*see People v Lopez*, 6 NY3d 248, 255 [2006]; *People v Crews*, 92 AD3d 795 [2012]). Rivera, J.P., Eng, Chambers, Sgroi and Miller, JJ., concur.