THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS J. HLUBOKY, Appellant. [952 NYS2d 454]—

The defendant's contention that his plea of guilty was not knowingly, intelligently, and voluntarily made because the court failed to enumerate the constitutional rights that he was waiving is unpreserved for appellate review, since he did not move to withdraw his plea of guilty on this ground prior to the imposition of sentence (*see* CPL 220.60 [3]; 470.05 [2]; *People v Lopez*, 71 NY2d 662, 665 [1988]; *People v Reyes*, 41 AD3d 620 [2007]; *People v Wright*, 34 AD3d 507 [2006]; *People v Mitchell*, 22 AD3d 769 [2005]; *People v Singleton*, 107 AD2d 828 [1985]). Furthermore, the narrow exception to the preservation rule, as set forth in *People v Lopez* (71 NY2d at 666), is inapplicable, since there is nothing in the allocution that would cast significant doubt upon the defendant's guilt or call into question the voluntariness of the plea (*see People v Lopez*, 71 NY2d at 666; *People v Wright*, 34 AD3d at 507; *People v Jones*, 21 AD3d 968, 969 [2005]; *People v Watson*, 19 AD3d 518 [2005]). In any event, the defendant's contention is belied by the record.

The defendant's valid waiver of the right to appeal (*see People v Ramos*, 7 NY3d 737, 738 [2006]; *People v Muniz*, 91 NY2d 570 [1998]) precludes appellate review of his claim that he was deprived of the effective assistance of counsel, since the claim does not relate to the voluntariness of his plea (*see People v Appling*, 94 AD3d 1135, 1136 [2012]; *People v Duah*, 91 AD3d 884 [2012]; *People v Williams*, 84 AD3d 1417, 1418 [2011]). Angiolillo, J.P., Balkin, Austin and Miller, JJ., concur.