THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT L. ECCLESTON, Appellant. [978 NYS2d 702]—

At the plea allocution, the County Court sufficiently advised the defendant of the nature of the right to appeal, and the record establishes that the defendant knowingly, voluntarily, and intelligently waived that right (*see People v Lopez*, 6 NY3d 248, 255 [2006]; *cf. People v Bradshaw*, 18 NY3d 257 [2011]). The defendant's valid waiver of his right to appeal precludes review of his claims that the procedure used to adjudicate him a second felony offender was defective (*see People v Huggins*, 105 AD3d 760, 761 [2013]; *People v Kosse*, 94 AD3d 908 [2012]; *People v Lassiter*, 48 AD3d 700 [2008]), and that he was deprived of the effective assistance of counsel, since that claim does not relate to the voluntariness of his plea (*see People v Hluboky*, 99 AD3d 1020, 1021 [2012]; *People v Appling*, 94 AD3d 1135, 1136 [2012]). Mastro, J.P., Balkin, Sgroi and Hinds-Radix, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCUS T. GLOVER, Appellant. [978 NYS2d 685]—

The defendant's valid waiver of his right to appeal precludes review of his contention that the sentence imposed was excessive (*see People v Bradshaw*, 18 NY3d 257, 264-267 [2011]; *People v Lopez*, 6 NY3d 248, 255-256 [2006]). Eng, P.J., Dickerson, Lott and Miller, JJ., concur.