■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLEMENTE GOMEZ, Appellant. [979 NYS2d 828]—

Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Molea, J.), rendered September 27, 2011, convicting him of murder in the first degree and murder in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that his plea of guilty was not knowing, voluntary, and intelligent is unpreserved for appellate review, since he did not move to withdraw the plea (*see People v Lopez*, 71 NY2d 662, 665 [1988]; *People v Pryor*, 11 AD3d 565, 566 [2004]). Moreover, the exception to the preservation require-

ment is inapplicable here because the plea allocution did not cast significant doubt on the defendant's guilt, negate an essential element of the crime, or call into question the voluntariness of the plea (*People v Lopez*, 71 NY2d at 666). In any event, the plea was knowingly, voluntarily, and intelligently made (*see People v Fiumefreddo*, 82 NY2d 536, 543 [1993]; *People v Lopez*, 71 NY2d at 666; *People v Harris*, 61 NY2d 9, 17 [1983]). The defendant's post-plea statements of innocence made to his probation officer which appear in the presentence investigation report did not warrant vacatur of his plea (*see People v Ingram*, 80 AD3d 713, 714 [2011]).

The defendant's valid waiver of his right to appeal precludes appellate review of his claim that he was deprived of his right to effective assistance of counsel, except to the extent that the alleged ineffective assistance may have affected the voluntariness of his plea (*see People v Montalvo*, 105 AD3d 774, 775 [2013]; *People v Ramos*, 77 AD3d 773, 774 [2010]; *People v Drago*, 50 AD3d 920 [2008]). To the extent that the defendant contends that his counsel's conduct affected the voluntariness of his plea, his contention is based, in part, on matter appearing on the record and, in part, upon matter appearing outside the record, and thus constitutes a " 'mixed claim[ ]' of ineffective assistance" (*People v Maxwell*, 89 AD3d 1108, 1109 [2011], quoting *People v Evans*, 16 NY3d 571, 575 n 2 [2011], *cert denied* 565 US —, 132 S Ct 325 [2011]; *see People v Crawford*, 106 AD3d 832, 833 [2013]; *People v McClurkin*, 96 AD3d 784, 785-786 [2012]). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (*cf. People v Crump*, 53 NY2d 824 [1981]; *People v Brown*, 45 NY2d 852 [1978]). Since the defendant's claim of ineffective assistance cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (*see People v Freeman*, 93 AD3d 805 [2012]). Rivera, J.P., Dickerson, Cohen and Hinds-Radix, JJ., concur.