■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AXEL M., Appellant. [998 NYS2d 93]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Zambelli, J.), rendered September 3, 2013, adjudicating him a youthful offender, upon his plea of guilty to assault in the first degree and attempted robbery in the first degree (two counts), and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that his plea agreement was unsupported by valid consideration is unpreserved for appellate review. In any event, contrary to the defendant's contention, it is not the case here that " 'there was no promise, plea agreement, reduced charge, or any other bargain or consideration given to the defendant in exchange for [his] plea' " (*People v Brady-Laffer*, 102 AD3d 806, 806-807 [2013], quoting *People v Nicelli*, 74 AD3d 1235, 1236-1237 [2010]).

Although a claim that a plea of guilty was not voluntary survives a valid waiver of the right to appeal (*see People v Seaberg*, 74 NY2d 1, 10 [1989]; *People v Persaud*, 109 AD3d 626 [2013]), the defendant failed to preserve for appellate review his contention that his plea of guilty was not knowing, voluntary, or

intelligent, since he did not move to withdraw his plea on this ground prior to the imposition of sentence (*see* CPL 220.60 [3]; *People v Clarke*, 93 NY2d 904, 906 [1999]; *People v Lujan*, 114 AD3d 963, 964 [2014]; *People v Ovalle*, 112 AD3d 971 [2013]; *People v Devodier*, 102 AD3d 884 [2013]). In any event, the defendant's contention is without merit. The record demonstrates that the defendant's plea was knowing, voluntary, and intelligent. Moreover, contrary to the defendant's contention, the statements attributed to the defendant in the presentence investigation report did not obligate the court to sua sponte offer the defendant the opportunity to withdraw his guilty plea (*see People v Taylor*, 60 AD3d 708, 709 [2009]; *People v Conti*, 285 AD2d 557, 557 [2001]; *see also People v Gomez*, 114 AD3d 701, 702 [2014]; *People v Hernandez*, 110 AD3d 919, 919 [2013]; *People v Kelly*, 50 AD3d 921, 921 [2008]), and, in any event, the defendant reaffirmed his guilty plea at sentencing (*cf. People v Burton*, 133 AD2d 276, 277 [1987]). Skelos, J.P., Dickerson, Chambers and Sgroi, JJ., concur.