██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESIKA L. POLLIDORE, Appellant. [997 NYS2d 752]—

Appeal by the defendant from a judgment of the County Court, Orange County (Berry, J.), rendered August 30, 2012, convicting her of attempted burglary in the second degree, upon her plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the People's contention, the defendant did not validly waive her right to appeal (*see People v Lopez*, 6 NY3d 248, 257 [2006]; *People v Pressley*, 116 AD3d 794 [2014]; *People v Keiser*, 100 AD3d 927 [2012]).

Although the defendant's claims, that her plea of guilty was involuntary and that counsel's ineffectiveness affected the voluntariness of the plea, would survive even a valid waiver of the right to appeal (*see People v Seaberg*, 74 NY2d 1, 10 [1989]; *People v Duah*, 91 AD3d 884 [2012]; *People v McLean*, 77 AD3d

684 [2010]), the defendant is, in any event, not entitled to relief on her substantive claims.

The defendant's contention that her plea of guilty was not knowing, voluntary, or intelligent because the County Court failed to advise her of the constitutional rights that she was waiving upon her plea is unpreserved for appellate review, since she did not move to vacate her plea or otherwise raise this issue in the County Court (*see People v Clarke*, 93 NY2d 904, 906 [1999]; *People v Lopez*, 71 NY2d 662, 665 [1988]; *People v Jackson*, 114 AD3d 807 [2014]; *People v Hayes*, 91 AD3d 792 [2012]). Contrary to the defendant's contention, there is nothing in the record that casts significant doubt upon the defendant's guilt or calls into question the voluntariness of the plea (*see People v Lopez*, 71 NY2d at 666). In any event, the record of the plea proceeding reveals that the County Court expressly advised the defendant of the constitutional rights that she was forfeiting by pleading guilty (*see People v Tyrell*, 22 NY3d 359 [2013]). Furthermore, the postplea statements attributed to the defendant in the presentence investigation report did not call into question the voluntariness of the plea and did not obligate the court to conduct a sua sponte inquiry into any alleged coercion (*see People v Solis*, 111 AD3d 654 [2013]; *People v Appling*, 94 AD3d 1135, 1136 [2012]; *People v Kelly*, 50 AD3d 921 [2008]).

The defendant's contention that she was deprived of the effective assistance of counsel as a consequence of her attorney's failure to make a motion to withdraw her plea based on her postplea statements appearing in the presentence investigation report is without merit. There can be no deprivation of effective assistance of counsel arising from counsel's failure to make a motion that had little or no chance of success (*see People v Ingram*, 80 AD3d 713, 714 [2011]; *People v Terrell*, 78 AD3d 865 [2010]; *People v Goddard*, 72 AD3d 839, 840 [2010]). The defendant has failed to show that defense counsel's performance fell below an objective standard of reasonableness and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" (*Strickland v Washington*, 466 US 668, 694 [1984]). Furthermore, the record reveals that the defendant received an advantageous plea, and nothing in the record casts doubt on the effectiveness of counsel (*see People v Caban*, 5 NY3d 143, 152 [2005]; *People v Henry*, 95 NY2d 563, 566 [2000]; *People v Benevento*, 91 NY2d 708, 712 [1998]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Mastro, J.P., Chambers, Cohen and Barros, JJ., concur.