■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRYL BRYAN, Appellant. [10 NYS3d 428]—Judgment, Supreme Court, Bronx County (John W. Carter, J.), rendered May 14, 2013, convicting defendant, upon his plea of guilty, of burglary in the second degree, and sentencing him to a term of six years, unanimously affirmed.

Since defendant did not move to withdraw his plea, his challenge to the voluntariness of the plea is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. During the plea allocution itself, defendant admitted his guilt and said nothing that negated any element of the crime or raised any defenses (see People v Toxey, 86 NY2d 725 [1995]). Accordingly, the court had no obligation to conduct a sua sponte inquiry into postplea statements by defendant regarding his intoxication at the time of the crime that were reflected in the presentence report (see e.g. People v Praileau, 110 AD3d 415 [1st Dept 2013], lv denied 22 NY3d 1202 [2014]; People v Pantoja, 281 AD2d 245 [1st Dept 2001], lv denied 96 NY2d 905 [2001]).

Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters outside the record including attorney-client consultations on such matters as plea negotiations, the advisability of raising an intoxication defense, and whether to make a plea withdrawal motion (see People v Rivera, 71 NY2d 705, 709 [1988]; People v Love, 57 NY2d 998 [1982]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find nothing to cast doubt on counsel's effectiveness. Concur—Mazzarelli, J.P., Sweeny, Andrias, Saxe and Richter, JJ.