■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN ELLIS, JR., Appellant. [35 NYS3d 920]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Minihan, J.), rendered June 23, 2015, convicting him of burglary in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant failed to preserve for appellate review his current challenge to the validity of his plea of guilty, as he failed to move to withdraw his plea or to otherwise raise the issue before the County Court (*see People v Clarke*, 93 NY2d 904, 906 [1999]; *People v Pellegrino*, 60 NY2d 636 [1983]; *People v Axel M.*, 122 AD3d 946, 946-947 [2014]). Moreover, contrary to the defendant's contention, this matter does not fall within the narrow exception to the preservation rule set forth in *People v Lopez* (71 NY2d 662, 666 [1988]), since the defendant knowingly and voluntarily allocuted to the facts constituting the crime while under oath at the plea proceeding, and nothing in the defendant's factual recitation cast doubt upon his guilt, negated an essential element of the crime, or called into question the voluntariness of his plea (*see People v McNair*, 13 NY3d 821, 822 [2009]; *People v Pollidore*, 123 AD3d 1058, 1059 [2014]; *People v Gomez*, 114 AD3d 701, 701-702 [2014]; *People v Kelly*, 50 AD3d 921 [2008]). Furthermore, contrary to the defendant's further contention, the postplea statement attributed to the defendant in the presentence report did not obligate the sentencing court to conduct a sua sponte inquiry into the validity of the defendant's plea of guilty (*see People v Garcia-Cruz*, 138 AD3d 1414 [2016]; *People v Bryan*, 129 AD3d 524 [2015]; *People v Pollidore*, 123 AD3d at 1059; *People v Appling*, 94 AD3d 1135, 1136 [2012]; *People v Taylor*, 60 AD3d 708, 709 [2009]).

The defendant's contention that he was denied the effective assistance of counsel is similarly without merit (*see People v Pollidore*, 123 AD3d at 1059), as the record demonstrates that he received meaningful representation at his plea and sentencing (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Solis*, 111 AD3d 654, 656 [2013]). Mastro, J.P., Hall, Sgroi and Barros, JJ., concur.