■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARAMIS ZAPATA, Appellant. [38 NYS3d 430]—

Judgment, Supreme Court, New York County (Maxwell Wiley, J.), rendered January 29, 2014, convicting defendant, upon his plea of guilty, of attempted criminal possession of a weapon in the second degree, and sentencing him to a term of two years, with three years' postrelease supervision, unanimously affirmed.

Defendant's challenge to his plea does not come within the narrow exception to the preservation requirement (*see People v Conceicao*, 26 NY3d 375 [2015]; *People v Lopez*, 71 NY2d 662, 665 [1988]), and we decline to review this unpreserved claim in the interest of justice. As an alternate holding, we find no basis for reversal. During the plea allocution itself, defendant admitted his guilt and said nothing that negated any element of the crime or raised any defenses (*see People v Toxey*, 86 NY2d 725 [1995]). Accordingly, the court had no obligation to conduct a sua sponte inquiry into defendant's postplea assertions of innocence, as reflected in the presentence report (*see e.g. People v Pantoja*, 281 AD2d 245 [1st Dept 2001], *lv denied* 96 NY2d 905 [2001]).

Regardless of whether defendant validly waived his right to appeal, we find that the court properly denied defendant's suppression motion. The record supports the court's finding of abandonment. We also perceive no basis for reducing the term of postrelease supervision. Concur—Renwick, J.P., Richter, Manzanet-Daniels, Feinman and Kapnick, JJ.