The People of the State of New York, Respondent, 
against
Younggi Kim, Appellant.




Younggi Kim, appellant pro se.
District Attorney Richmond County (Paul M. Tarr, Esq.), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Richmond County (Mario F. Mattei, J.), rendered February 20, 2013. The judgment convicted defendant, upon his plea of guilty, of disorderly conduct.




ORDERED that the judgment of conviction is affirmed.
Defendant was charged with assault in the third degree (Penal Law § 120.00 [1]), criminal obstruction of breathing or blood circulation (Penal Law § 121.11 [a]), and harassment in the second degree (Penal Law § 240.26 [1]). According to the accusatory instrument, defendant, with intent to cause physical injury to his wife, caused such injury to her by slapping her across the face several times; grabbing her arm and twisting it behind her back; throwing her to the ground; and placing his hands around her throat and applying pressure. Defendant's wife sustained injuries, including, but not limited to, redness to her chest and substantial pain to her arm and neck. Defendant's actions caused his wife annoyance, alarm, and fear for her physical safety.
On February 20, 2013, defendant appeared in the Criminal Court of the City of New York, Richmond County, before Judge Mario F. Mattei. He was represented by counsel and was assisted by a Korean interpreter. Defendant agreed to plead guilty to disorderly conduct (Penal Law § 240.20 [1]) in satisfaction of all of the charges. It was agreed that defendant would be sentenced to a conditional discharge, that a total of $120 in surcharges and fees would be imposed, and that the court would issue a full, final two-year order of protection in favor of defendant's wife and against defendant.
The court conducted an allocution of defendant. He agreed that he wished to plead guilty to the violation of disorderly conduct. No one forced him to plead guilty. He understood that he [*2]had the right to a trial, the right to have his attorney cross-examine and confront witnesses on his behalf, the right to testify at trial, and the right to remain silent throughout all the proceedings. He understood that he was giving up those rights, and that was what he wished to do. Defendant was pleading guilty to disorderly conduct because he was guilty of that offense. The court immediately sentenced defendant as promised. On May 9, 2013, the Criminal Court, on consent of the People, issued a new, limited order of protection in favor of defendant's wife and against
defendant.
On appeal, defendant's assigned counsel filed a brief pursuant to Anders v California (386 US 738 [1967]), and the People filed a respondent's brief. Defendant subsequently moved pro se to relieve assigned appellate counsel. By decision and order on motion dated August 7, 2015, this court granted the motion, and, among other things, relieved counsel, struck the briefs, and enlarged the time for defendant to perfect the appeal pro se.
In his pro se brief, defendant appears to claim that (1) his plea of guilty was invalid because he did not commit the underlying offense but, instead, merely pushed his wife, and (2) he was not afforded the effective assistance of counsel at the plea proceeding and on appeal. He also appears to allege misconduct by his plea counsel and certain court officials, and that his guilty plea was not entered knowingly and voluntarily due to his confusion caused by cultural differences between the United States and South Korea, and their different legal systems.
To the extent defendant contends that his plea of guilty was not entered into knowingly, voluntarily and intelligently, the claim is unpreserved for appellate review, as defendant did not move to withdraw his plea or otherwise raise the issue before the Criminal Court (see People v Morgado, 144 AD3d 709 [2016]; People v Ellis, 142 AD3d 509, 510 [2016]; People v Gomez, 114 AD3d 701 [2014]). Moreover, the narrow exception to the preservation requirement is inapplicable to this case because the plea allocution did not cast significant doubt on defendant's guilt, negate an essential element of the crime, or call into question the voluntariness of the plea (see People v McNair, 13 NY3d 821, 822 [2009]; People v Lopez, 71 NY2d 662, 666 [1988]; People v Ellis, 142 AD3d at 510; People v Sanchez, 122 AD3d 646 [2014]; People v Gomez, 114 AD3d at 701-702). "In any event, a defendant is not entitled to vacatur of his plea of guilty based on a subsequent unsupported claim of innocence, where the guilty plea was voluntarily made with the advice of counsel following an appraisal of all the relevant factors' " (People v Deal, 115 AD3d 975, 976 [2014], quoting People v Dixon, 29 NY2d 55, 57 [1971]). In addition, the record indicates that the plea was entered into knowingly, voluntarily, and intelligently (see People v Fiumefreddo, 82 NY2d 536, 543 [1993]; People v Lopez, 71 NY2d at 666; People v Harris, 61 NY2d 9, 17 [1983]; People v Sanchez, 122 AD3d at 646-647; People v Gomez, 114 AD3d at 702). Defendant pleaded guilty to disorderly conduct, a violation, in satisfaction of misdemeanor charges (see People v Rana, 48 Misc 3d 130[A], 2015 NY Slip Op 51029[U], *4 [App Term, 1st Dept 2015]). Defendant was represented by counsel and assisted by a Korean interpreter. He avoided a jail sentence of up to one year by pleading guilty and, instead, was sentenced to a conditional discharge. Defendant acknowledged that this was what he wanted to do and never complained that there was anything he did not understand.
By pleading guilty, defendant waived his claims of ineffective assistance of counsel, except with respect to the representation during the plea negotiation and bargaining process (see People v Dunne, 106 AD3d 928 [2013]; People v Soria, 99 AD3d 1027, 1027-1028 [2012]). [*3]Many of defendant's contentions of ineffective assistance "cannot be resolved without reference to matter outside the record, [and] a CPL 440.10 proceeding is the appropriate forum for reviewing" such claims (People v Boyd, 136 AD3d 935, 936-937 [2016]; see People v Rana, 48 Misc 3d 130[A], 2015 NY Slip Op 51029[U], *2-3). To the extent that defendant's claims appear on the record, the transcript of the plea proceeding indicates that he received an advantageous plea, and nothing casts doubt upon the apparent effectiveness of defendant's counsel (see People v Dunne, 106 AD3d at 929; People v Soria, 99 AD3d at 1028).
As defendant chose to proceed pro se, after his motion to relieve appellate counsel was granted, any claim of ineffective assistance of appellate counsel has been rendered academic. We note, in any event, that "an attorney is not necessarily guilty of ineffective assistance for failing to argue issues the client requests, even if hindsight shows that one of these issues would have been meritorious on appeal" (People v White, 73 NY2d 468, 478 [1989]).
Accordingly, the judgment of conviction is affirmed.
Pesce, P.J., Weston and Aliotta, JJ., concur.
Decision Date: June 02, 2017