People v Cabrera-Galdames (2018 NY Slip Op 05056)





People v Cabrera-Galdames


2018 NY Slip Op 05056


Decided on July 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
HECTOR D. LASALLE
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2017-02562
 (Ind. No. 1319-16)

[*1]The People of the State of New York, respondent,
v
Selvin Cabrera-Galdames, appellant.


Laurette D. Mulry, Riverhead, NY (Alfred J. Cicale of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Marcia R. Kucera of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Stephen Braslow, J.), rendered February 17, 2017, convicting him of aggravated driving while intoxicated in violation of Vehicle and Traffic Law § 1192(2-a)(b) (six counts), driving while intoxicated in violation of Vehicle and Traffic Law § 1192(2) and (3) (two counts), and endangering the welfare of a child (three counts), upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant failed to preserve for appellate review his challenge to the validity of his plea of guilty, as he did not move to withdraw the plea, or otherwise raise the issue before the County Court (see People v Ellis, 142 AD3d 509, 510; People v Gomez, 114 AD3d 701, 701). Moreover, contrary to the defendant's contention, the narrow exception to the preservation rule is inapplicable here, as nothing in the plea allocution cast doubt upon the defendant's guilt, negated an essential element of the crime, or called into question the voluntariness of the plea (see People v Lopez, 71 NY2d 662, 666; People v Ellis, 142 AD3d at 510; People v Gomez, 114 AD3d at 701-702). In any event, the defendant knowingly and voluntarily allocuted to the facts constituting the offenses, while under oath at the plea proceeding, and the plea was knowingly, voluntarily, and intelligently made (see People v Ellis, 142 AD3d at 510; People v Gomez, 114 AD3d at 702). Contrary to the defendant's contention, certain postplea statements attributed to the defendant in the presentence report did not obligate the sentencing court to conduct a sua sponte inquiry into the validity of the defendant's plea of guilty (see People v Ellis, 142 AD3d at 510; People v Appling, 94 AD3d 1135, 1136; People v Kelly, 50 AD3d 921, 921).
DILLON, J.P., LASALLE, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court