People v Scott (2018 NY Slip Op 07334)





People v Scott


2018 NY Slip Op 07334


Decided on October 31, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 31, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2016-07555
 (Ind. No. 291/15)

[*1]The People of the State of New York, respondent,
v
Calvin Scott, appellant.


Salvatore C. Adamo, New York, NY, for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Edward A. Bannan of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Martin Efman, J.), rendered December 17, 2015, as amended by a judgment of the same court rendered April 5, 2016, convicting him of criminal possession of a controlled substance in the first degree and conspiracy in the fourth degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment, as amended, is affirmed.
The defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Sanders, 25 NY3d 337, 341; People v Lopez, 6 NY3d 248, 254; People v Coachman, 154 AD3d 957, 957).
The defendant's contention that his plea was not knowing, voluntary, and intelligent survives his valid appeal waiver (see People v Fontanet, 126 AD3d 723). However, the defendant's contention is unpreserved for appellate review, since he did not move to withdraw the plea or otherwise raise this issue before the Supreme Court (see People v Ellis, 142 AD3d 509, 510; People v Gomez, 114 AD3d 701, 701). In any event, this contention is without merit.
The defendant's valid waiver of his right to appeal precludes appellate review of his contention that he was deprived of the effective assistance of counsel, since it does not relate to the voluntariness of his plea (see People v Appling, 94 AD3d 1135, 1136).
The defendant's valid waiver of his right to appeal also precludes appellate review of his contention that the sentence imposed was excessive (see People v Lopez, 6 NY3d at 256; People v Joseph, 142 AD3d 627, 628).
AUSTIN, J.P., ROMAN, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court