People v Anderson (2019 NY Slip Op 01785)





People v Anderson


2019 NY Slip Op 01785


Decided on March 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2016-09847

[*1]The People of the State of New York, respondent,
v
Kyshia L. Anderson, appellant. (S.C.I. No. 10201/15)


Janet E. Sabel, New York, NY (Jeffrey Dellheim of counsel) for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and William H. Branigan of counsel; Tatiana N. Galbrecht on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dorothy Chin-Brandt, J., at plea; Suzanne J. Melendez, J., at sentencing), rendered September 14, 2015, convicting her of criminal sale of a controlled substance in the fifth degree, upon her plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that her plea of guilty was not knowing, voluntary, and intelligent is unpreserved for appellate review, as the defendant did not move to withdraw her plea or otherwise raise this issue before the Supreme Court (see People v Lopez, 71 NY2d 662, 665; People v Jackson, 114 AD3d 807). Contrary to the defendant's contention, the "rare case" exception to the preservation requirement does not apply because the defendant's allocution did not cast significant doubt on her guilt, negate an essential element of the crime, or call into question the voluntariness of her plea (People v Lopez, 71 NY2d at 666; see People v Fontanet, 126 AD3d 723). In any event, the record demonstrates that the defendant's plea was entered knowingly, voluntarily, and intelligently (see People v Fiumefreddo, 82 NY2d 536, 543; People v Harris, 61 NY2d 9, 17). Contrary to the defendant's contention, postplea statements attributed to the defendant in the presentence report and other statements at sentencing did not obligate the court to conduct a sua sponte inquiry into the basis for the plea (see People v Bailey, 158 AD3d 948, 949; People v Smith, 148 AD3d 939, 940; People v Maldonado, 144 AD3d 706, 707; People v Ellis, 142 AD3d 509, 510; People v Pastor, 136 AD3d 493, affd 28 NY3d 1089; People v Upson, 134 AD3d 1058; People v Appling, 94 AD3d 1135, 1136).
LEVENTHAL, J.P., AUSTIN, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court