People v Gomez (2019 NY Slip Op 02720)





People v Gomez


2019 NY Slip Op 02720


Decided on April 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
ANGELA G. IANNACCI, JJ.


2017-05892
 (Ind. No. 2588/15)

[*1]The People of the State of New York, respondent,
v
Luis Gomez, appellant.


Laurette D. Mulry, Riverhead, NY (Alfred J. Cicale of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Glenn Green of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Mark D. Cohen, J.), rendered May 6, 2016, convicting him of attempted assault in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
Pursuant to a plea agreement, the defendant pleaded guilty to attempted assault in the second degree and was sentenced to a definite term of imprisonment of eight months. On appeal, the defendant contends that his statements to the Department of Probation and to the Supreme Court at the sentencing proceeding cast doubt on whether his plea of guilty was knowing, voluntary, and intelligent. The defendant's contention is unpreserved for appellate review, since he did not move to withdraw the plea (see People v Lopez, 71 NY2d 662, 665; People v Gomez, 114 AD3d 701, 702; People v Pryor, 11 AD3d 565, 566). In any event, the defendant's contention is without merit. During the sentencing proceeding, the court engaged the defendant in a thorough colloquy regarding the defendant's decision to plead guilty, his desire to go forward with the plea of guilty, and his guilt of the crime to which he pleaded guilty. The court's careful inquiry at sentencing put to rest any possible question about the validity of the defendant's plea of guilty (see People v Axel M., 122 AD3d 946, 947; People v Ingram, 80 AD3d 713, 714).
BALKIN, J.P., CHAMBERS, MILLER and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court