People v Meyers (2019 NY Slip Op 03994)





People v Meyers


2019 NY Slip Op 03994


Decided on May 22, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOSEPH J. MALTESE
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2018-01279
 (Ind. No. 1157/16)

[*1]The People of the State of New York, respondent,
v
Shirelle Meyers, appellant.


Mark Diamond, New York, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Sarah S. Rabinowitz of counsel; Matthew C. Frankel on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Christopher G. Quinn, J.), rendered November 28, 2017, convicting him of criminal possession of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant pleaded guilty to criminal possession of a controlled substance in the third degree (Penal Law § 220.16[12]). He was sentenced as a second felony drug offender with a prior violent felony conviction in accordance with the plea agreement.
Contrary to the defendant's contention, the record demonstrates that his waiver of the right to appeal was voluntary, knowing, and intelligent (see People v Bryant, 28 NY3d 1094; People v Sanders, 25 NY3d 337; People v Lopez, 6 NY3d 248).
The defendant contends that his plea of guilty was not voluntary, knowing, and intelligent because the Supreme Court failed to elicit a sufficient factual basis for the plea. Although a contention that a plea of guilty was not voluntary survives a valid waiver of the right to appeal (see People v Seaberg, 74 NY2d 1, 10; People v Martinez, 159 AD3d 836; People v Broccoli, 152 AD3d 536), the defendant failed to preserve his contention for appellate review, since he did not move to withdraw his plea on the ground that the Supreme Court failed to elicit a sufficient factual basis for the plea or otherwise raise the issue before the Supreme Court (see People v Lopez, 71 NY2d 662, 665; People v Sidique, 167 AD3d 665; People v Gomez, 114 AD3d 701; People v Konstantinides, 295 AD2d 537, 538; People v Lowry, 107 AD2d 716, 717). Furthermore, the narrow exception to the preservation rule is inapplicable here, as nothing in the plea allocution cast doubt upon the defendant's guilt, negated an essential element of the crime, or called into question the voluntariness of the plea (see People v Lopez, 71 NY2d at 666; People v Sidique, 167 AD3d 665; People v Gomez, 114 AD3d at 701-702). In any event, the defendant's contention is without merit (see Penal Law § 220.16[12]; People v Fiumefreddo, 82 NY2d 536, 543; People v Harris, 61 NY2d 9, 17).
The defendant's valid waiver of his right to appeal precludes appellate review of his [*2]contention that the procedure used to adjudicate him a second felony drug offender was defective (see People v Ovalles, 161 AD3d 1107, 1108; People v Thomas, 148 AD3d 734; People v Hicks, 134 AD3d 854).
The defendant's contention that the sentence was illegal is not precluded by his valid appeal waiver (see People v Nicholas, 8 AD3d 300). Nevertheless, contrary to the defendant's contention, he was properly adjudicated a second felony drug offender with a prior violent felony conviction (see Penal Law § 70.70[4]).
MASTRO, J.P., MALTESE, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court