People v Cook (2021 NY Slip Op 50586(U))

[*1]

People v Cook (Anthony)

2021 NY Slip Op 50586(U) [72 Misc 3d 127(A)]

Decided on June 24, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on June 24, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TERRY JANE RUDERMAN, P.J., TIMOTHY S. DRISCOLL, HELEN
VOUTSINAS, JJ

2018-1100 S CR

The People of the State of New York,
Respondent,
against
Anthony Cook, Appellant. 

Suffolk County Legal Aid Society (Amanda E. Schaefer of counsel), for appellant.
Suffolk County District Attorney (Edward A. Bannon of counsel), for respondent.

Appeal from a judgment of the District Court of Suffolk County, First District (Richard T.
Dunne, J.), rendered April 4, 2018. The judgment convicted defendant, upon his plea of guilty, of
criminal possession of stolen property in the fifth degree, and imposed sentence.

ORDERED that the judgment of conviction is affirmed.
Defendant was charged in a felony complaint with criminal possession of stolen property in
the fourth degree (Penal Law § 165.45 [2]). On October 12, 2017, after reducing the felony
charge of criminal possession of stolen property in the fourth degree to criminal possession of
stolen property in the fifth degree (Penal Law § 165.40), through notations made to the face
of the accusatory instrument, defendant pleaded guilty to criminal possession of stolen property
in the fifth degree in exchange for the promised sentence of time served and probation.
Sentencing was adjourned to January 25, 2018 and the court ordered a presentence report. The
report, dated January 19, 2018, indicated that, while awaiting sentence in this matter, defendant
was arrested twice in December of 2017. At the conclusion of the report, the Department of
Probation recommended a sentence of imprisonment for defendant "[a]s the defendant has failed
at community supervision in the past and no court action thus far has deterred his criminal
activity, he remains a persistent risk within the community." On January 25, 2018, the court
refused to sentence defendant to probation, based upon the presentence report and defendant's
subsequent arrests, and defendant withdrew his guilty plea. On April 4, 2018, as part of a global
disposition of three of defendant's pending criminal matters, defendant pleaded guilty to criminal
possession of stolen property in the fifth degree, and sentence was imposed. On appeal,
defendant claims [*2]that his guilty plea was not entered
voluntarily, knowingly and intelligently.
"Generally, in order to preserve a claim that a guilty plea is invalid, a defendant must move
to withdraw the plea . . . or else file a motion to vacate the judgment of conviction pursuant to
CPL 440.10" (People v Peque, 22 NY3d 168, 182 [2013] [citations omitted]; see also
People v Conceicao, 26 NY3d 375, 381 [2015]). However, a narrow exception to the
preservation requirement has been recognized where the particular circumstances of a case reveal
that a defendant had no actual or practical ability to object to an alleged error in the taking of a
plea that was clear from the face of the record (see People v Williams, 27 NY3d 212,
219-223 [2016]; People v Louree, 8 NY3d 541, 546 [2007]). Here, since defendant was
sentenced in the same proceeding in which he entered his plea of guilty, he "faced a practical
inability to move to withdraw [his] plea" (Conceicao, 26 NY3d at 382). Therefore,
defendant's claim is reviewable under the exception to the preservation rule (see People v
Sougou, 26 NY3d 1052, 1054 [2015]).
Nothing defendant said or failed to say in his plea allocution negated any element of the
offense to which he pleaded guilty, cast doubt on his admitted guilt or called into question the
voluntariness of his plea. In view of the foregoing, contrary to defendant's contention, the court
was not required to inquire into the statements made by him to the probation officers who had
prepared the presentence report (see
People v Ospina, 175 AD3d 513 [2019]; People v Zapata, 143 AD3d 477 [2016]; People v Appling, 94 AD3d 1135
[2012]; People v Kelly, 50 AD3d
921 [2008]; People v Pantoja, 281 AD2d 245 [2001]). Consequently, the record as a
whole demonstrates that defendant's plea was entered into knowingly, voluntarily, and
intelligently (see People v Sosa, 28 NY3d 965, 966 [2016]; Conceicao, 26 NY3d 375).
Accordingly, the judgment of conviction is affirmed.
RUDERMAN, P.J., DRISCOLL and VOUTSINAS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 24, 2021